## CORNISH v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1924.)

### No. 3944.

1. **Contempt ⬱7—Contempt not committed in physical presence of court or by disobedience to order must have obstructed administration of justice.**

Under Judicial Code, § 268 (Comp. St. § 1245), contempt not committed in physical presence of court, or constituting disobedience to an order, must have been so near to the presence of the court as to have obstructed the administration of justice.

2. **Contempt ⬱9—Newspaper publication, to constitute contempt, must relate to pending matter.**

Newspaper publication, defamatory of trial judge, to constitute contempt, must relate to pending matter.

3. **Contempt ⬱54(4)—Pleading initiating prosecution for contempt based on newspaper publication must state necessary facts.**

The petition, information, or journal entry by which prosecution for contempt based on newspaper publication is initiated should state completely the necessary facts.

4. **Contempt ⬱54(4)—Petition charging newspaper publisher with contempt held insufficient.**

A petition charging newspaper publisher with contempt because of article claimed to be defamatory of trial judge, stating merely that the publication would obstruct the administration of justice, *held* insufficient for failure to state facts and to make it clear that the publication did not refer merely to an order already made.

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Judges ⬦15(1)—Proceedings against newspaper publisher for publication of article libelous as to judge should be held before other judge.**

In prosecution of a newspaper publisher for contempt, in which the contemptuous publication constituted a libel on the judge, the proceedings should not be held before the same judge.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Edwin R. Cornish was adjudged in contempt of court, and he brings error. Reversed and remanded.

Writ of error to review a judgment and sentence against Cornish for contempt, by a newspaper article published by him regarding an injunction issued in a suit brought by a railroad to restrain intimidation and violence in connection with a strike.

Geo. W. Davis, of Saginaw, Mich. (Walter M. Nelson and John E. Kinnane, both of Detroit, Mich., on the brief), for plaintiff in error.

Frederic L. Eaton, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. [1-4] Where there is a prosecution, as for contempt, under section 268, Judicial Code (Comp. St. § 1245), and where it is not claimed that the alleged misbehavior was committed in the physical presence of the court, or constituted disobedience to an order, it is essential that the misbehavior shall have been "so near thereto as to obstruct the administration of justice." When the conduct complained of is a newspaper publication, defamatory of the trial judge, it is also necessary that the publication relate to a matter pending, and not to one that is past. The publication here involved is not obviously and certainly within the forbidden field in either of these particulars. We do not say that it may not be in that field in both particulars; but in such a situation the pleading, whether petition or information or journal entry, by which the prosecution is initiated, should state completely the necessary facts, and not stop with conclusions. Under this test, we think the petition herein insufficient. It does not state the facts from which it draws the inference that the publication would obstruct the administration of justice, nor does it make clear that the publication, in its effect, went beyond reference to a judicial order already made.

We have no occasion to doubt that a newspaper publication may have such a tendency to incite disobedience to a court order that it may itself be punished as in the nature of disobedience; but the petition here does not state, in sufficient detail, the nature of the order which had been made, nor point out the connection between the publication and any naturally to be induced resistance or disobedience to the order, nor is such connection sufficiently obvious. The circumstances of the publication and its details are unique; we see no object in setting them out at length, but our conclusions necessarily lead

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to a reversal of the judgment below and the remanding of the case,. with instruction to dismiss the proceeding, unless an amended and sufficient petition or information be filed in its continuation.

[5] Another matter should be 'mentioned. The publication claimed to be contemptuous was dominantly a libel upon the individual judge who had issued the injunction. In such a case, and where there is no impelling necessity or exigency, we greatly deprecate the prosecution of contempt proceedings before that same judge, and we again call attention to what we said upon that subject in Toledo Co. v. U. S., 237 Fed. 986, 988, 150 C. C. A. 636. Qualifying it only to the effect that, where there is more than one judge in the district,[1] there is less degree of need for special designation, we repeat what we then said, in concluding our discussion of that subject:

"We can well understand the reluctance with which a District Judge would put himself in a position which seemed to be a shifting to another of this sometimes burdensome and very delicate duty; but'it is of the greatest importance that contempt proceedings be put, as far as possible, beyond the reach of even unjust adverse criticism, and, in such a situation as has been recited, the judges of this court upon whom the duty may fall will always be ready to assign a judge from another district."

Reversed and remanded.

---

[1] This proceeding was before there were two judges regularly appointed in this district.