[No. 20438. In Bank. — June 12, 1888.]

IN RE W. W. FOOTE, ON HABEAS CORPUS.

CONTEMPT COMMITTED IN PRESENCE OF COURT — LOSS OF JURISDICTION BY DELAY. — The superior court loses jurisdiction to punish for a contempt committed in its presence, when it delays to take any proceedings in the matter for a period of fifty days after the alleged commission of the contempt, and then attempts to proceed without notice to the respondent.

APPLICATION for a writ of *habeas corpus.* The petitioner, W. W. Foote, is an attorney at law who was held by the sheriff of Alameda County under commitment for contempt of the superior court of that county, by virtue of a judgment of said court entered May 31, 1888, for a contempt therein, alleged to have been committed on the eleventh day of April preceding, in interrupting the due course of a trial by disorderly, contemptuous, and insolent behavior toward the judge of said court. The judgment disclosed that pending the examination of a detective, who was a witness for the prosecution in a criminal cause, whom Mr. Foote, as counsel for the defendant, had severely cross-examined, the following conversation took place between the court and Mr. Foote: —

COURT. — "The statute declares that there shall be no insulting language addressed to a witness; substantially, that proceedings shall proceed in a good, orderly way. Now, I see no necessity for any ungentlemanly or rough talk or usage from witness or counsel, and I trust the examination from this on will be proceeded with in a decent, orderly, and gentlemanly way on both sides; and with this remark, let us go on."

MR. FOOTE. — "Does your Honor mean to say that I have proceeded indecently, or not as a gentleman?"

COURT. — "Your conduct, Mr. — "

MR. FOOTE. — "Because I resent the imputation from this or from any other court."

COURT.—"I say that your conduct—your manner towards the witness—"

MR. FOOTE.—"I won't allow you or anybody else to make that statement."

COURT.—"Your manner towards the witness has been insulting; your manner has been overbearing and oppressive. Now, I say, from this on, as the statute declares that the court shall protect a witness under circumstances of that kind,—I say, let us go on. No necessity of loud language; no necessity of manifestations of temper,— nothing of that kind. Let us go on in a decent, orderly way. That is all."

The judgment did not disclose any citation to Mr. Foote to answer to the alleged contempt, or that the judgment had been entered in his presence.

The return of the sheriff was demurred to as insufficient in law, and as not disclosing any jurisdiction in the superior court of Alameda County, to make the order of commitment.

*Eugene M. Deuprey,* and *David McClure,* for Petitioner.

The COURT.—Admitting that petitioner was guilty of contempt committed in the presence of the court, it appears that no proceedings were taken by the court, at the time the contempt was committed, to punish the petitioner, nor were any steps taken to retain jurisdiction, until fifty days thereafter, when the order adjudging him guilty of contempt, and imposing a fine of three hundred dollars, was made, without notice of any kind. Under these circumstances we think the court lost jurisdiction to proceed against petitioner for contempt, and that the order and commitment are void.

Let the petitioner be discharged.