**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter E. BRADT, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Theodore G. ALBERT, Defendant-Appellant.**

**Nos. 14373, 14374.**

United States Court of Appeals Sixth Circuit.

Sept. 25, 1961.

Edward P. Echlin, Detroit, Mich., for appellant, James E. Haggerty, Detroit, Mich., on the brief.

Kirby W. Patterson, Dept. of Justice, Washington, D. C., for appellee, Robert J. Danhof, U. S. Atty., Muskegon, Mich., Malcolm Richard Wilkey, Asst. Atty. Gen., Robert S. Erdahl, Atty., Dept. of Justice, Washington, D. C., on the brief.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

MILLER, Chief Judge.

These two appeals involve criminal contempt proceedings against the appellants Peter E. Bradt and Theodore G. Albert, both practicing attorneys, arising out of their conduct in a hearing in a civil action in the United States District Court for the Western District of Michigan. The District Judge, proceeding under Rule 42(a) of the Federal Rules of Criminal Procedure, 18 U.S.C., summarily found both appellants guilty of criminal contempt and sentenced appellant Bradt to imprisonment for a period of 30 days and imposed upon appellant Albert

---

a fine of $100.00. The separate appeals from these judgments were consolidated in this Court and heard together.

The facts leading to the contempt proceedings are as follows.

On April 8, 1960, appellants, as attorneys for Dr. Samuel G. Albert, a brother of appellant Theodore G. Albert, filed a complaint in the United States District Court for the Western District of Michigan, Northern Division, at Marquette, Michigan, in a cause entitled Samuel G. Albert, plaintiff v. Frank A. Drazkowski, Jr., et al., defendants, being Civil Action No. 736, and wherein three of the defendants, being lawyers, appeared for themselves and other defendants, seventeen in number, all doctors, most of whom resided in the Northern Division of the Court in Michigan. Motions were filed by various defendants. The plaintiff filed two motions, one for leave to file an amendment to his complaint, and the other for a temporary injunction.

On or about June 7, 1960, the plaintiff and his attorneys were notified by the District Judge by letter from Grand Rapids, Michigan, that a hearing on all motions in said case had been set for August 1, 1960, at Marquette, Michigan, and that briefs in support of and in opposition to all motions should be filed with the Court in Grand Rapids on or before July 1, 1960.

On July 13, 1960, plaintiff and his brother, appellant Albert, met in the law offices of co-counsel, appellant Bradt, at Port Huron, Michigan, to confer about the case. During that conference the District Judge in Grand Rapids placed a long distance telephone call to appellant Bradt in Port Huron, who, before accepting the call, arranged to have made a tape recording of the conversation between him and the District Judge. In this conversation the District Judge stated to appellant that he had requested briefs on the pending motions, that he had not received any brief nor any answer to his letter, and that if briefs were not filed promptly, appellant would not be heard when the motions came up for consideration on August 1. Appellant remarked that under the circumstances there would be no point in going to Marquette, to which the Judge replied, "That's just about the size of it. When we write and ask for briefs, we expect to get some sort of an answer—not have our letters ignored.", to which appellant replied, "Judge, would you mind stepping out of this case?". The Judge answered, "If you want any disqualification, you file a motion for it." In the conversation that followed the Judge stated that although there was no written rule that the Court would not hear an attorney who had not filed a brief, such rule had been in effect in the district for years and that an attorney was supposed to find out what the rules were when he went into another district to practice. Appellant stated that it seemed silly to file a brief on his motion to file an amended complaint and that he didn't realize that the Judge's letter called for an answer. He then said, "So, if I'm in default there, I apologize. I really wish you would get out of this case." In the conversation appellant said, "Well, I can't be bothered with calling up individual judges. I've never done it in my life—to see what their—what their own peculiarities are.", and that he had never heard his associate counsel say that there were any such individual idiosyncrasies as that prevailing in the Northern Division. The Judge again referred to the fact that appellant had ignored the letter written to him, to which appellant answered, "I didn't realize that your letter called for an answer. I'm very sorry if you feel that I have slighted you." The Judge said, "Bradt—you're just making things difficult for yourself.", to which the appellant replied, "Well, I'm sorry." After some further discussion appellant asked, "Now, may I ask, Judge, what is the purpose of you calling me here today?", to which the Judge replied, "Well, because today is the 13th of July, and we don't have a brief of any nature from the plaintiff." Following some further discussion of the rule and the en-

forcement of it by the Judge, this conversation took place.

"Appellant: Well, then are you telling me now that we cannot be heard on the——.

"Judge: I'm telling you right now that if you don't get a brief in immediately that there's going to be some difficulty in this case.

"Appellant: What sort of difficulty?

"Judge: I don't know. We'll wait and see."

On July 18, 1960, the plaintiff filed an affidavit of personal bias or prejudice in the pending civil action under Section 144, Title 28 United States Code, and asked that another judge be designated to hear the case.* The affidavit stated, among other things, that three of the defendants, who were lawyers, were personal friends of the Judge and enjoyed social and professional contacts with the Judge of a far more intimate nature than the ordinary attorney-judge relationship; enjoyed an extensive legal practice in the court of said judge, while plaintiff's attorneys had very little practice in said court; that the judge belonged to the same political party as said defendants and both said judge and said defendants took a prominent part in the affairs of said political party prior to the time said judge was appointed to the bench by a member of such political party; that the judge frequently dined with the said defendants when he was holding court in the Northern Division and frequently entertained said defendants in his chambers behind closed doors in said division; that the judge was the State of Michigan chief officer of a secret fraternal organization to which position he was elected since the commencement of the law suit by his brother members, including said defendants; and that if the judge sat in the case it would violate several of the Canons of Professional Ethics. The affidavit referred to the telephone conversation between the judge and the appellant Bradt on July 13, 1960, and stated that in that conversation the judge became very angry and threatened appellant with more than a prohibition against oral argument of his motions. The affidavit closed by stating that plaintiff believed that the personal bias which the judge had against his attorneys was bound to rub off on him and would make it impossible for the judge fairly and impartially to perform the duties of a judge in his case, and that plaintiff did not believe it was possible for the judge fairly and impartially to pass upon the credibility of the testimony of said defendants who were his close personal and political friends, professional associates and fraternal brothers, even if the judge entertained no bias or no prejudice of any kind whatsoever.

On August 1, 1960, the Judge, holding court in Marquette, called the civil case of Albert v. Drazkowski, noting that the first matter to be disposed of was the Affidavit of Personal Bias or Prejudice filed by the plaintiff. He asked plaintiff's counsel if they wished to be heard, to which appellant Bradt responded that he had a brief in support of the affidavit which he would like to file. The Judge asked if any of the defense counsel wished to be heard. One of the defense counsel stated that he greatly resented the implication in the affidavit of lack of integrity on the party of the Court and defense counsel; that for the purposes

---

* Section 144. "Bias or prejudice of judge.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

of the record he wanted to state that many of the facts alleged therein were false, as well as the implications sought to be drawn from them; that he could not let the allegations in the plaintiff's affidavit go unchallenged; and that he had filed an affidavit although he did not know whether it would be made part of the record. Another of the defense counsel stated that numerous statements in the affidavit were not true and carried improper implications; that he thought that he had to set the record straight; and that although he realized counter-affidavits were not considered under the rule, he had also filed an affidavit.

After a discussion of the question of the sufficiency of the certificate of good faith required by Section 144, Title 28 United States Code, the Judge ruled that the certificate was sufficient to comply with the statute and then proceeded to summarize the affidavit. Following this summary the Judge discussed the legal principles applicable under Section 144 as stated in a number of cases, to which he referred, and stated his conclusion that under the decisions it was settled law that the Judge against whom an affidavit of bias or prejudice is filed under Section 144 must pass on the legal sufficiency of the facts alleged, and that in so doing he must accept the allegations of the affidavit as true. There appears to be no dispute between the parties about this well settled rule. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L. Ed. 481; Green v. Murphy, 3 Cir., 259 F.2d 591, 593. The Judge then stated that he should analyze the affidavit and point out whether it did or did not carry sufficient allegations to justify a disqualification, and he proceeded to do so, stating his reasons why the allegations in each particular paragraph were insufficient as a matter of law to disqualify him from hearing the case. The Judge then said, "Now, in fairness to all, the court having denied the motion, perhaps it would be well if we go through this affidavit, which we feel we are justified in doing." The Judge then started to go over the affidavit again, pointing out that factual statements in the affidavit were not correct. The District Judge had so discussed only two of the paragraphs of the affidavit when the following occurred.

"Mr. Bradt: May it Please the Court: As your Honor knows, you can't question the truth of the affidavit, which is exactly what you are doing by reading into the record what you are saying.

"The Court: I have already ruled on the motion, Mr. Bradt.

"Mr. Bradt: What you are doing today——

"The Court: Will you be seated until I am through?

"Mr. Bradt: Will you excuse me, your Honor, from further participation in this case?

"The Court: No.

(Mr. Bradt withdrew from the counsel table.)

"The Court: Mr. Russell, will you see that Mr. Bradt remains at the counsel table.

"Mr. Bradt, if you leave this courtroom, you are going to be in contempt of this court.

"All right, Mr. Russell.

(Mr. Albert withdrew from the counsel table.)

"The Court: Mr. Albert.

(Mr. Bradt and Mr. Albert withdrew from the courtroom.)

"The Court: Mr. McDonald, as a member of the bar, would you ask Mr. Albert to return to the courtroom, please?

"Mr. John E. McDonald: I will, your Honor, except that I don't know Mr. Albert.

"The Court: Mr. Albert is the dark gentleman sitting in the first chair, who left last. It will be appreciated.

(Mr. McDonald withdrew from the courtroom, returning shortly.)

"Mr. McDonald: He asked me to inform you that he will not return.

"The Court: All right, we will recess."

Following the recess, proceedings were then held in Criminal Action No. 3661, In re Peter E. Bradt, and Criminal Action No. 3662, In re Theodore G. Albert, being the proceedings for criminal contempt herein involved. The Court asked Mr. Bradt if there was any question but that he was in contempt of court, to which Mr. Bradt replied there was, but that he would not answer any questions as a prisoner and that he would like counsel if he was to be punished for contempt. The Judge stated that contempt of court committed in the presence of the court was a summary proceeding to be disposed of at that time and that it did not carry with it any right to a hearing, the only remedy being by appeal. Mr. Bradt again stated that he would like to be heard and be given an opportunity to consult with counsel. The Judge then dictated for the record his statement of what had taken place, and also his ruling that by reason thereof both appellants were in contempt of court. Appellant Bradt's matter was adjourned until 10:30 A.M. the following day and appellant Albert's matter was adjourned until 1:30 P.M. the following afternoon.

In the proceedings on the following day, appellants were represented by an attorney. In appellant Bradt's matter his counsel discussed with the Judge the legal phases of the matter, calling the Court's attention to Offutt v. United States, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11. He orally moved (1) that the matter be continued until a transcript was available to counsel, (2) that another judge be assigned to hear and decide the contempt proceeding, and (3) that the Judge reconsider the judgment of contempt. The Judge, relying upon Rule 42 (a), Rules of Criminal Procedure, Sacher v. United States, 343 U.S. 1, 75 S.Ct. 451, 96 L.Ed. 717, and Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed. 2d 609, overruled each motion. He then asked appellant Bradt if he wished to be heard. The appellant made a statement of what he considered the facts to be, which differed in some respects from the facts as stated by the Judge, and took the position that in objecting to the action of the Judge in going into the truth or falsity of the affidavit, he was relying upon the Supreme Court's ruling in Berger v. United States, supra, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, and was representing his client to the best of his knowledge and ability, in that such action by the Judge could do nothing but prejudice his client in the Court of Appeals. He also referred to the possibility of a waiver by him of the disqualification of the Judge if he remained and participated in the case, although he admitted that his request for permission to leave had been denied by the Court. He stated that he would never knowingly do anything which would cast discredit on the court and that he did not believe that his conduct at any time during the day was contemptuous. The Judge gave an oral opinion in support of his action of accepting the allegations of the affidavit as true for the purpose of making his ruling, and after having made the ruling setting forth on the record the falsity of the allegations, and in support of the right to take summary proceedings against appellant under Rule 42(a), Rules of Criminal Procedure. He then entered the order herein appealed from, which briefly recited the occurrences of the day before, stated that by reason thereof appellant had created a disturbance which interfered with the orderly business of the Court, adjudged appellant in contempt of court under the provisions of Rule 42(a), Rules of Criminal Procedure, and Brown v. United States, supra, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609, and imposed the sentence of thirty days imprisonment.

In appellant Albert's proceedings a similar discussion was engaged in between the Judge and appellant's lawyer, who made the same motions on behalf of appellant Albert as were made on behalf of appellant Bradt, which motions were likewise overruled. Appellant himself made a lengthy statement in justification

of his conduct, contending that he left the courtroom practically on tiptoes, without saying a word to anyone, without having been ordered not to leave, without creating any disturbance, and that if his refusal to return to the courtroom was a contemptuous act, it was not committed in the actual presence of the court, which was necessary in order to authorize proceedings under Rule 42(a), Rules of Criminal Procedure. These contentions were discussed and rejected by the Judge, who then entered the order appealed from herein, similar to the order entered in the Bradt proceedings.

The parties on this appeal have devoted themselves largely to the question of whether the conduct of the appellants was, under the circumstances involved, such as to constitute criminal contempt. Section 401, Title 18 U.S.Code. But, as pointed out in Offutt v. United States, supra, 348 U.S. 11, 17, 75 S.Ct. 11, 99 L. Ed. 11, the first question with which we are concerned is not the reprehensibility of appellants' conduct and the consequences which they should suffer, but the question whether under the decisions of the Supreme Court these proceedings should have been heard and determined by the trial judge, or whether for the purpose of vindicating justice for which the power of summary contempt is available, the determination of appellants' guilt and the punishment properly to be meted out on a finding of guilt should have been made in the first instance by a judge not involved in appellants' misconduct.

The procedure in cases of criminal contempt is prescribed by Rule 42, Rules of Criminal Procedure.

Rule 42(a) provides: "A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record."

Rule 42(b) provides that a criminal contempt, except as provided in subdivision (a) of the rule, shall be prosecuted on notice and by a hearing which allows a reasonable time for the preparation of the defense, and if the contempt charged involves disrespect to or criticism of a judge that judge is disqualified from presiding at the trial or hearing except with defendant's consent.

The difference between the two proceedings is discussed and pointed out in Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 396, 69 L.Ed. 767. The Court there said that the exercise of the power of contempt is a delicate one and care is needed to avoid oppressive conclusions. "This rule of caution is more mandatory where the contempt charged has in it the element of personal criticism or attack upon the judge." Pointing out that such cases present difficult questions for the judge, the Court said, "All we can say upon the whole matter is that where conditions do not make it impracticable, or where the delay may not injure public or private right, a judge called upon to act in a case of contempt by personal attack upon him, may, without flinching from his duty, properly ask that one of his fellow judges take his place. Cornish v. The United States, [6 Cir.] 299 Fed. 283, 285; Toledo Company v. The United States, [6 Cir.] 237 Fed. 986, 988."

In Sacher v. United States, supra, 343 U.S. 1, 75 S.Ct. 451, 96 L.Ed. 717, relied upon by the appellee, the Supreme Court upheld the right to adjudge and punish attorneys for criminal contempt summarily under Rule 42(a) where the conduct constituting the contempt was committed in the actual presence of the court. The opinion states that while it is the right of counsel for every litigant to press his claim, even if it appears farfetched and untenable, to obtain the court's considered ruling and that full enjoyment of that right, with due allowance for the heat of controversy, will be protected by appellate courts when infringed by trial courts, yet, if the ruling is adverse, it is not counsel's right to resist it or to insult the judge, but only respectfully to preserve his point for appeal. The opinion points out that Rule

42(a) contemplates that occasions may arise when the trial judge must immediately arrest any conduct of such nature that its continuance would break up a trial, so it gives him power to do so summarily. The Court rejected a construction of the rule which would deny a judge the power summarily to punish a contempt that is personal to himself except, perhaps, at a moment when it is necessary to forestall abortion of the trial. The Court stated that the rule expressed no such limitation. Five justices concurred in the majority opinion of the Court, three justices dissented, and one justice took no part in the consideration of the case. The dissenting justices were of the opinion that, because of the personal hostility existing between the judge and the attorneys, the contempt proceedings should have been heard and decided by a different judge from the one who charged the attorneys with being in contempt of court.

In Offutt v. United States, supra, 348 U.S. 11, 75 S.Ct. 11, 95 L.Ed. 11, the Court again had before it summary action by the trial judge against trial counsel in criminal contempt proceedings under Rule 42(a). The trial judge, invoking the authority of Sacher v. United States, supra, 343 U.S. 1, 75 S.Ct. 451, 96 L.Ed. 717, found the defendant guilty and imposed judgment in summary proceedings. The Supreme Court reversed. It ruled that because of the personal nature of the controversy between the judge and the offending attorney, the application of the rule pronounced in Cooke v. United States, supra, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767, was called for and the contempt proceedings should have been heard and decided by a different judge from the one who instituted the proceedings. The majority opinion was concurred in by five justices, including the three who dissented from the earlier ruling in the Sacher case and two who did not participate in the Sacher case.

The difference in the rulings in the Sacher case and the Offutt case is explained by the opinion in Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed. 2d 609, decided some four years after the Offutt ruling. In that case the criminal contempt stemmed from the refusal of a witness to testify before a federal grand jury. A judgment of contempt rendered in summary proceedings under Rule 42(a) was affirmed. However, the Court specifically pointed out that it was not a situation where the contempt was in any sense personal to the judge, as it was in the Offutt case, raising issues of possible unfairness resulting from the operation of human emotions, with reference being made by the Court to both the Sacher and Offutt cases.

In the present case, we find no pressing demand that the contempt proceeding be heard and disposed of immediately. We think that the controversy between the Judge and the appellants, having its roots in the telephone conversation of July 13, 1960, and involving allegations in the affidavit of disqualification, which the Judge considered as being untruthful statements about him, with unjustified and improper implications, included matters of a personal nature to the Judge which, under the particular circumstances make it advisable that the rule in the Cooke and Offutt cases, rather than the rule in the Sacher case, be applied, and that the contempt proceedings be heard by another judge.

In making this ruling we are in no way passing on the merits of the issues presented or involved. Our present ruling is directed to the proper method for a hearing and determination of the charges against the appellants.

The judgments are set aside and the cases remanded to the District Court for a hearing and disposition by a different judge.