517 P.2d 748

**STATE of New Mexico, Appellee,**

v.

**Julius WOLLEN, Appellant.**

**No. 1161.**

Court of Appeals of New Mexico.

Nov. 7, 1973.

Certiorari Granted Dec. 27, 1973.

Briggs F. Cheney, James R. Toulouse & Associates, P. A., Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

LOPEZ, Judge.

Counselor Wollen appeals from an order of contempt issued by the District Judge in Bernalillo County. He willfully disobeyed the order of District Judge Riordan, for which judgment was entered ordering him to pay a fine of $200 and be imprisoned for one day.

The events which gave rise to the contempt citation were as follows: A divorce decree between Robert William Gruber and Carol Lynn Gruber was entered February 9, 1972. The plaintiff-wife, represented by Counselor Wollen, obtained an order amending the original decree. A hearing on December 20, 1972 on defendant-husband's motion to vacate the amended decree gave rise to the events involved herein. Counselor Wollen attacked the jurisdiction and partiality of the court to hear the motion. After the rejection of his contentions by Judge Riordan, Wollen announced to the court his intention to leave the hearing. The court advised that if he left, he would be held in contempt. Wollen willfully ignored the warning and a judgment of contempt was entered 26 days later.

Wollen raises three points for reversal. In view of our disposition of this case, we need consider only one: that the court denied defendant due process of law by entering the judgment of contempt 26 days after the events involved without notice or hearing.

The disposition of the issue requires, at the outset, consideration of a number of principles of law on which the parties do not disagree. Conduct violating a court order in the presence of the court is a direct, criminal contempt. Such contempts can be punished summarily. "Summary" proceedings are not necessarily immediate. Rather, a summary proceeding is one in which the formal requisites of notice and hearing or trial are dispensed with. The

justification for allowing such a procedure is set out by the court in State ex rel. Bliss v. Greenwood, 63 N.M. 156, 315 P.2d 223 (1957), as follows:

". . . Summary measures may be the only effective means of defending the dignity of judicial tribunals and of insuring that they are able to accomplish the purpose of their existence. So there should be no feeling that courts may safely be trifled with. . . ."

The major issue presented by this appeal is whether the policy considerations allowing summary contempt are still compelling 26 days after the hearing. We think they are not. The court in United States v. Meyer, 149 U.S.App.D.C. 212, 462 F.2d 827 (1972), states:

"The other policy justification for summary disposition—the need to preserve order in the courtroom—is by definition inapplicable after the trial is over. . . . The normal constitutional presumption in favor of a due process hearing is therefore controlling. . . ."

In certain situations summary contempts have been upheld despite delay. We do not have such a case here, however. For example, there could have been no prejudice to Wollen's client by an immediate entry of the order. Cf. Sacher v. United States, 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952). Nor can such a delay be justified by considerations allowing a "cooling off" period or giving the defendant time to apologize. The court may, in a proper case, allow a delay in the adjudication of contempt for any of the above reasons. However, once a delay as long as the one involved here has ensued, the reasons for dispensing with the constitutional requisites of notice and hearing are not compelling. See Groppi v. Leslie, 404 U.S. 496, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972); People v. Burt, 257 Ill.App. 60 (1930); In re Foote, 76 Cal. 543, 18 P. 678 (1888). Therefore, we vacate the judgment of contempt and remand the case to the trial court with instructions to hold a hearing which comports with the requirements set forth by Chief Justice Taft in Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).

Appellant Wollen contends that Judge Riordan should not be allowed to preside at such a hearing. However, we do not think that the conduct of appellant, grave as it was, "personally embroiled" the judge to such an extent as to require his disqualification. The conduct of the appellant did not approach the level of intensity as that engaged in by the defendant in Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). Rather, we compare Wollen's conduct to that of the defendant in Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), where the Court stated:

"It is true that Ungar objected strongly to the orders of the court and to its conduct of the trial during his examination. His final outburst, the subject of the contempt, was a flat refusal to answer, when directed by the court, together with an intemperate and strongly worded comment on the propriety of the court's ruling. But we are unwilling to bottom a constitutional rule of disqualification solely upon such disobedience to court orders and criticism of its rulings during the course of a trial. . . ."

However, it should finally be noted that nothing in this opinion requires Judge Riordan to hear the case on remand. He may decide to follow the dictum of Justice Douglas in Mayberry v. Pennsylvania, supra, as follows: ". . . it is generally wise where the marks of the unseemly conduct have left personal stings to ask a fellow judge to take his place. . . ."

The order of contempt is vacated and the case is remanded for proceedings consistent herewith.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, Judge (concurring in part and dissenting in part).

I concur in the reversal. I dissent only on that portion of the majority opinion

which allows the same trial judge to preside at the hearing if he desires to do so. In my opinion, disqualification exists as a matter of law. This dissent is not directed against the present trial judge. It is directed in favor of a rule which the sound administration of justice requires.

Mr. Wollen stated:

Well, if the Court please, then I would have to state to the Court that this Court cannot render an impartial decision. *I have been informed that the Court has been approached off the bench by opposing counsel insisting that this Court hear the matter,* and I think if there is any taint of partiality that a Judge should recuse himself. [Emphasis added].

\*　　\*　　\*　　\*　　\*　　\*

The Court: *Mr. Wollen, if you have any evidence concerning the statements you made in the record, you can produce it now.* I will advise you for your information if you leave this Court you are going to be held in contempt. [Emphasis added].

The foregoing charge by Wollen could be considered a violation of Canon 3A(4) of the American Bar Association Code of Judicial Conduct (1972) that a judge should "neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding." [Emphasis by Code].

One purpose of the hearing is to show the partiality or involvement or unethical acts of the trial judge. The judge should not hear accusations that he has violated the Canons of Judicial Ethics. He should not judge his own case.

In a contempt proceeding, "[t]rial before 'an unbiased judge' is essential to due process." Johnson v. Mississippi, 403 U.S. 212, 91 S.Ct. 1778, 29 L.Ed.2d 423 (1971).

People v. Kurz, 35 Mich.App. 643, 192 N.W.2d 594, 602, 603 (1971) reviewed the decisions of the Supreme Court of the United States cited in our opinion. It concluded:

We have concluded that, although the judge who sat in this case may not have been constitutionally barred from sitting because in this case Walter Kurz did not at any time personally insult or attack the judge in any way whatsoever, the sound administration of justice requires, in the light of the *Mayberry* rule, that in every case where a judge defers consideration of a contempt citation until after the conclusion of the trial the charge must be considered and heard before another judge.

United States v. Bradt, 294 F.2d 879 (6th Cir. 1961) involved an attorney who left the courtroom after a verbal exchange with the presiding judge, contrary to the order of the judge for him to remain. The Court of Appeals set aside the criminal contempt judgment and remanded the case for hearing and disposition by a different judge. This rule was followed in United States v. Combs, 390 F.2d 426 (6th Cir. 1968).

The hearing and disposition of the instant case should be before another judge. The present trial judge can avoid probable future appeals in this case if he voluntarily recuses himself.