518 P.2d 960

**Julius WOLLEN, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 9882.**

Supreme Court of New Mexico.

Feb. 1, 1974.

James R. Toulouse & Associates, Briggs F. Cheney, Albuquerque, for petitioner.

David L. Norvell, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

McMANUS, Chief Justice.

This suit began in the District Court of Bernalillo County. A decree of divorce between Robert William Gruber and Carol Lynn Gruber was entered February 9, 1972. The plaintiff-wife, represented by petitioner Wollen, an attorney, obtained an order entered November 17, 1972, amend-ing the original decree. A motion to vacate the last order was filed on November 27, 1972 and a hearing was held before Judge Riordan on December 20, 1972 on defendant-husband's motion to vacate the amended decree, which gave rise to the events herein involved.

Petitioner, in open court, presented a motion and order to vacate the hearing on the basis of lack of jurisdiction and par-tiality of the court. The motion was de-nied. Following the denial of this motion petitioner advised the court that he felt that the court was unable to render an im-partial decision in this matter. As grounds for such allegation petitioner asserted that the judge had been approached by opposing counsel, a former law school classmate of the judge, who had insisted that the judge hear the matter. Petitioner further im-plied that bribes may have been offered to another judge in regard to this particular cause of action and, before leaving the courtroom, stated:

" * * * I think this whole case is fraught with politics. I don't know what opposing counsel is trying to do through the back door that he can't do through the front door. He lost this case, and if he didn't like the decision that a judge that we didn't pick rendered, let him ap-peal to the Supreme Court. But I seri-ously suspect the motives in coming be-fore this Court under the circumstances and asking for a hearing.

"I do not intend to stay to argue the matter on the merits. I will state to the Court that I am going to leave, * * *."

Judge Riordan then advised petitioner that if he left the court he would be held in contempt. Petitioner then left the courtroom and, on January 15, 1973 (26 days after the hearing), an order adjudg-ing petitioner in contempt of court was en-tered by Judge Riordan.

Petitioner appealed to the New Mexico Court of Appeals from the order of contempt, asserting three points for re-versal. The Court of Appeals decided the

**2**

matter, basing its decision on only one of the points raised by petitioner: that the court denied him due process of law by entering the judgment of contempt 26 days after the events involved, without notice or hearing. The court vacated the judgment of contempt and remanded the case for a hearing. We agree with this part of the decision. Petitioner then argued that due process required that a judge other than Judge Riordan preside over this hearing. The Court of Appeals concluded that the conduct of the petitioner was not such as to personally embroil the judge to the extent as to require his disqualification. State v. Wollen, 85 N.M. 764, 517 P.2d 748 (Ct.App., Nov. 7, 1973). The matter is now before us on certiorari to the Court of Appeals.

■ The only issue which is presented to this court is whether or not a judge who originally issues a non-summary contempt citation should later be allowed to preside over the hearing at which the validity of such a citation is considered.

In a contempt proceeding, "[t]rial before 'an unbiased judge' is essential to due process." Johnson v. Mississippi, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423 (1971). The question then becomes: What determines whether or not a judge is biased?

In Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), it was determined that when a judge becomes embroiled to the point where it is unlikely that he can maintain the calm detachment necessary for fair adjudication, then he should be prohibited from rendering the contempt judgment. The problem with such a rule is that the personalities and temperaments of judges vary considerably from judge to judge and what might "embroil" one judge might not so affect another. The sound administration of justice should not allow for such an arbitrary standard. Would it not be much easier, as well as more just, to provide a standard rule whereby the determination of personal embroilment on a case-by-case basis is no

longer necessary? The Court of Appeals of Michigan thought so and, in the case of People v. Kurz, 35 Mich.App. 643, 660, 192 N.W.2d 594, 603 (1971), concluded that:

"* * * in the absence of circumstances necessitating immediate corrective action (i. e., a summary contempt proceeding) a person accused of contempt by a trial judge should be tried before a different judge, one not involved in the subject matter of the contempt or in the citation of the contemnor."

We agree that this result is the one which most adequately provides for the fair administration of justice and one which no longer necessitates the painstaking evaluation of whether a judge has become embroiled or has lost his objectivity.

The cause is therefore reversed and remanded to the district court for action consistent with this opinion.

It is so ordered.

OMAN, STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.