**Ex parte Walter J. PINK.**

**No. 67735.**

Court of Criminal Appeals of Texas, En Banc.

June 23, 1982.

Frank J. Ross, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Bill Willms, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

DALLY, Judge.

This is an application for a writ of habeas corpus in which the applicant, an attorney and officer of the Court, seeks relief from a judgment holding him in contempt of the 180th District Court of Harris County. When originally submitted, the applicant was ordered discharged because the record did not include either a show cause order or a final written order of the judge appointed to hear the matter under the provisions of Article 1911a, V.A.C.S. The record has now been supplemented with a show cause order and a final written order. However, we must again order the applicant discharged because the show cause order is wholly insufficient, since it does not give the applicant reasonable notice of the specific charges against him as required by due process.

Article 1911a, V.A.C.S. requires that an officer of the Court held in contempt shall upon proper notice filed in the offended court be released on personal recognizance pending a determination of his guilt or innocence by a judge of a district court, other than the offended court. This precludes summary punishment for contempt of an officer of the Court. An attorney representing his client in the trial of a case is an officer of the Court. *Ex parte Howell*, 488 S.W.2d 123 (Tex.Cr.App.1972).

Because of the procedure implicitly required by Article 1911a, V.A.C.S. an officer of the Court may no longer be summarily punished by direct contempt even though his conduct deemed contumatious is before the Court. The statute requires that an officer of the Court be granted a hearing before another judge. The procedure required by the statute for an officer of the Court places that person in an analogous situation to that which was decided by the Supreme Court in *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). There an attorney was summarily found in contempt for acts during trial but his guilt or innocence was not adjudicated until the trial was over. The Court set aside the contempt judgment because minimum requirements of due process of law were not extended to the petitioner. In reaching its result the Supreme Court stated:

"We are not concerned here with the trial judge's power, for the purpose of maintaining order in the courtroom, to punish summarily and without notice or hearing contemptuous conduct committed in his

presence and observed by him. *Ex parte Terry,* 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888). The usual justification of necessity, see *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954), is not nearly so cogent when final adjudication and sentence are postponed until after trial.[6] Our decisions establish that summary punishment need not always be imposed during trial if it is to be permitted at all. In proper circumstances, particularly where the offender is a lawyer representing a client on trial, it may be postponed until the conclusion of the proceedings. *Sacher v. United States,* 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952); cf. *Mayberry v. Pennsylvania,* 400 U.S. 455, 463, 91 S.Ct. 499, 504, 27 L.Ed.2d 532 (1971). But *Sacher* noted that '[s]ummary punishment always, and rightly, is regarded with disfavor . . . .' 343 U.S., at 8, 72 S.Ct. at 454. '[W]e have stated time and again that reasonable notice of a charge and an opportunity to be heard in defense before punishment is imposed are "basic in our system of jurisprudence." ' *Groppi v. Leslie,* 404 U.S. 496, 502, 92 S.Ct. 582, 586, 30 L.Ed.2d 632 (1972), quoting *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948). Even where summary punishment for contempt is imposed during trial, 'the contemnor has normally been given an opportunity to speak in his own behalf in the nature of a right of allocution.' *Groppi v. Leslie,* supra, 404 U.S. at 504, 92 S.Ct. at 587 (and cases cited therein).[7]

"On the other hand, where conviction and punishment are delayed, 'it is much more difficult to argue that action without notice or hearing of any kind is necessary to preserve order and enable [the court] to proceed with its business.' Ibid. As we noted in *Groppi,* the contemnors in the *Sacher* case were 'given an opportunity to speak' and the 'trial judge would, no doubt [,] have modified his action had their statements proved persuasive.' *Id.* [404 U.S.], at 506, and n. 11, 92 S.Ct., at 588. *Groppi* counsels that before an attorney is finally adjudicated in contempt and sentenced after trial for conduct dur-

ing trial, he should have reasonable notice of the specific charges and opportunity to be heard in his own behalf."

"6 'Punishment without issue or trial [is] so contrary to the usual and ordinarily indispensable hearing before judgment, constitutional due process that the assumption that the court saw everything that went on in open court [is] required to justify the exception; but the need for immediate penal vindication of the dignity of the court created it.' *Cooke v. United States,* 267 U.S. 517, 536, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925).

"7 *Groppi* deals with contempt of a state legislative body, and the contempt action was not taken until several days later without notice of opportunity for Groppi to be heard."

■ We are constrained to hold that the mandate of *Taylor v. Hayes,* supra, not only applies to judicially created delays but also to legislatively created delays between the alleged conduct and the final adjudication of contempt. Article 1911a, Section 2(c) allows an officer of the Court to have his guilt or innocence adjudicated by a judge different from the offended court. Thus when the procedure under Article 1911a, Section 2(c) is implemented the very justifications for permitting the suspension of the due process requirements disappear. Not only is the judge adjudicating unfamiliar with the evidence, the delay removes the immediate need to punish to preserve order. See *New Mexico v. Wollen,* 85 N.M. 764, 517 P.2d 748 (1973); *Zols v. Lakritz,* 74 Misc.2d 322, 344 N.Y.S.2d 626 (1973); *In re Karagozian,* 44 Cal.App.3d 516, 118 Cal.Rptr. 793 (1975); *People v. Burt,* 257 Ill.App. 60 (1930); *In re Foote,* 76 Cal. 543, 18 P. 678 (1888). Indeed as far as an officer of the Court is concerned when the procedure in Article 1911a, is used the need to distinguish procedurally between direct and indirect contempt is obscured. We, therefore, conclude that when an officer of the Court is to have his guilt or innocence of contempt adjudicated through the procedure implicitly required by Article 1911a, Section 2(c) he must "have reasonable notice of the specific charges and opportunity to be heard in his own behalf." *Taylor v. Hayes,* supra.

■ The applicant was given notice that a hearing was to take place. However, the show cause order failed to give reasonable

notice of the *specific charges* against him. The order stated:

"Walter J. Pink is hereby ORDERED to appear before this Court on the 28th day of April, A.D., 1981 at 10:30 A.M. for a contempt hearing in the above entitled and numbered cause, the Honorable George D. Taylor, presiding.

"The Clerk of this Court is instructed to serve a copy of this Order on the said Walter J. Pink."

The show cause order is insufficient to inform the petitioner of the accusations against him. *Ex parte Droby*, 369 S.W.2d 352 (Tex.Cr.App.1969); *Ex parte Gordon*, 584 S.W.2d 686 (Tex.1979). The contempt judgment is therefore void.

Although we reserve judgment on whether a trial judge who believes an attorney is not rendering effective assistance to his client during the trial of a case may for that reason hold the attorney in contempt, until it is properly before us, we harbor serious doubt that it is a proper use of contempt powers.

For failure to extend the minimum requirements of due process of law to the petitioner the contempt judgment is found to be void.

The petitioner's request for relief is granted.