**Ex parte Billy Ray MARTIN.**

No. 69045.

Court of Criminal Appeals of Texas, En Banc.

Nov. 17, 1982.

Rehearing Denied Sept. 14, 1983.

C.A. Keeling, Virginia Malcolm, Beverly Bass, Longview, for appellant.

Rob Foster, Dist. Atty. and Rodney S. Scott, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an application for a writ of habeas corpus in which the applicant, an attorney and officer of the court, seeks relief from a judgment holding him in contempt of the 124th Judicial District Court of Gregg County.[1] We must order the applicant discharged because the record does not establish a show cause order was served on him for the purpose of providing him with reasonable notice of the specific charges against him, a minimum requisite of due process of law.

Article 1911a, V.A.C.S., requires that an officer of the court held in contempt shall upon proper notice filed in the offended court be released on personal recognizance pending a determination of his guilt or innocence by a judge of a district court, other than the offended court. This pre-

cludes summary punishment for contempt of an officer of the court. An attorney representing his client in the trial of a case is an officer of the court. *Ex parte Howell,* 488 S.W.2d 123 (Tex.Cr.App.1972).

Because of the procedure prescribed by Article 1911a, V.A.C.S., an officer of the court may no longer be summarily punished even though his conduct deemed contumacious is before the court. The statute requires that an officer of the court be granted a hearing before another judge. The procedure required by the statute for an officer of the court places that person in a situation analogous to that presented to the Supreme Court in *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). There, an attorney was summarily found to be in contempt for acts committed during a trial, but his guilt or innocence was not adjudicated until the trial was over. The Supreme Court set aside the contempt judgment because minimum requirements of due process of law were not extended to the petitioner. In reaching its result the Supreme Court at 497–499 U.S., 94 S.Ct. at 2702–03 stated:

"The usual justification of necessity [to punish summarily and without notice or hearing contemptuous conduct committed in the trial judge's presence], see *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954), is not nearly so cogent when final adjudication and sentence are postponed until after trial.[6] Our decisions establish that summary punishment need not always be imposed during trial if it is to be permitted at all. In proper circumstances, particularly where the offender is a lawyer representing a client on trial, it may be postponed until the conclusion of the proceedings. *Sacher v. United States,* 343 U.S. 1, 72 S.Ct. 451, 96 L.Ed. 717 (1952); cf. *Mayberry v. Pennsylvania,* 400 U.S. 455, 463, 91 S.Ct. 499, 504, 27 L.Ed.2d 532 (1971). But *Sacher* noted that '[s]ummary punishment always, and rightly, is regarded with disfavor....' 343 U.S., at 8, 72

---

1. Petitioner was ultimately ordered confined to     the Gregg County Jail for a period of 48 hours.

S.Ct. at 454. '[W]e have stated time and again that reasonable notice of a charge and an opportunity to be heard in defense before punishment is imposed are "basic in our system of jurisprudence." ' *Groppi v. Leslie,* 404 U.S. 496, 502, 92 S.Ct. 582, 586, 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948). Even where summary punishment for contempt is imposed during trial, 'the contemnor has normally been given an opportunity to speak in his own behalf in the nature of a right of allocution.' *Groppi v. Leslie,* supra, 404 U.S. at 504, 92 S.Ct. at 587 (and cases cited the rein).[7]

On the other hand, where conviction and punishment are delayed, 'it is much more difficult to argue that action without notice or hearing of any kind is necessary to preserve order and enable [the court] to proceed with its business.' Ibid. As we noted in *Groppi,* the contemnors in the *Sacher* case were 'given an opportunity to speak' and the 'trial judge would, no doubt [,] have modified his action had their statements proved persuasive.' Id., at 506, and n. 11, 92 S.Ct., at 588. *Groppi* counsels that before an attorney is finally adjudicated in contempt and sentenced after trial for conduct during trial, he should have reasonable notice of the specific charges and opportunity to be heard in his own behalf."

[6] 'Punishment without issue or trial [is] so contrary to the usual and ordinarily indispensable hearing before judgment, constitutional due process that the assumption that the court saw everything that went on in open court [is] required to justify the exception; but the need for immediate penal vindication of the dignity of the court created it.' *Cooke v. United States,* 267 U.S. 517, 536, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925).

[7] *Groppi* deals with contempt of a state legislative body, and the contempt action was not taken until several days later without notice of opportunity for Groppi to be heard.

The rationale of *Taylor v. Hayes,* supra, regarding judicially created delays, is equally applicable to legislatively created delays between the time of the alleged contemptuous conduct and the final adjudication of contempt. Article 1911a, § 2(c) allows an officer of the court to have his guilt or innocence adjudicated by a judge different from the offended court. Thus when the procedure under Article 1911a, § 2(c) is implemented, the very justifications for permitting the suspension of the due process requirements disappear. Not only is the judge finally adjudicating the contempt unfamiliar with the evidence, but the delay necessarily avoids any immediate need to punish to preserve order. See *New Mexico v. Wollen,* 85 N.M. 764, 517 P.2d 748 (1973); *Zols v. Lakrite,* 74 Misc.2d 322, 344 N.Y.S.2d 626 (1973); *In re Karagozian,* 44 Cal.App.3d 516, 118 Cal.Rptr. 793 (1975); *People v. Burt,* 257 Ill.App. 60 (1930); *In re Foote,* 76 Cal. 543, 18 P. 678 (1888).

Indeed, as far as an officer of the court is concerned when the procedure in Article 1911a is used, the need to distinguish procedurally between direct and indirect contempt is obscured. We therefore hold that when an officer of the court is to have his guilt or innocence of contempt adjudicated through the procedure required by Article 1911a, § 2(c), he must "have reasonable notice of the specific charges and opportunity to be heard in his own behalf." *Taylor v. Hayes,* supra.

The applicant here was given no notice that a hearing was to take place, nor notice of the specific charges against him. See *Ex parte Droby,* 369 S.W.2d 352 (Tex.Cr.App. 1969); *Ex parte Gordon,* 584 S.W.2d 686 (Tex.1979). The contempt judgment is therefore void.

For failure to extend the minimum requisites of due process of law to the petitioner, we hold the judgment of contempt is void.

The petitioner's request for relief is granted.