674 P.2d 515

Naomi AGUILAR, Petitioner,

v.

PENASCO INDEPENDENT SCHOOL DISTRICT NO. 6 and Mountain States Mutual Casualty Company, Respondents.

No. 15070.

Supreme Court of New Mexico.

Jan. 5, 1984.

Jan Unna Santa Fe, for petitioner.

Jones, Gallegos, Snead & Wertheim, James G. Whitley, Santa Fe, for respondents.

## OPINION

PAYNE, Justice.

We granted Naomi Aguilar's petition for writ of certiorari to review the opinion of the court of appeals remanding this case with instructions that another judge make the appropriate fee award.

In her workmen's compensation action, Aguilar was successful in collecting a judgment of $4,184.93 against the School District as compensation and medical expenses. The trial court awarded $13,280.65 as attorney's fees. In reversing the fee award, the court of appeals inferred that the high fee suggested personal embroilment of the trial judge. We reverse only the portion of the case as it relates to the disqualification of the trial judge to make the fee decision.

The court of appeals relied on *Wollen v. State*, 86 N.M. 1, 518 P.2d 960 (1974), to conclude that the fee award must be made by another judge. However, subsequent to the court of appeals opinion in this case, we reversed *Wollen*. In *State v. Stout*, 100 N.M. 472, 672 P.2d 645 (Opinion on reh'g, 1983), we rule that an attorney charged with contempt by the trial judge is not automatically entitled to a hearing in front of a new judge. We indicated that a new judge must be appointed only if the trial judge "has become so embroiled in the controversy that he cannot fairly and objectively hear the case. * * *" *Id.* at 475, 672 P.2d at 648.

We concur with the court of appeals opinion dealing with disability and attorney fees, to the extent it discusses summary procedure and bad faith, and the basis for the fee award.

The trial judge did not indicate any possible embroilment until his final, concluding statement at the fee hearing. He had conducted three days of hearings without any indication in the record of his taking an "activist" stance contrary to the *Mayberry* rule. *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). There was no suggestion that the judge had an unfavorable personal attitude toward School District.

Although the trial court's final statement, referred to in the court of appeals

opinion, strongly denounced respondent School District for its trial tactics, it merely underscores facts. The trial judge stated that the defendants were unreasonable in discussing the merits of the case. He further stated, "[T]his case took more preparation for its, what would seem relatively simple issue, than any case that I have ever had before me under Workmen's Compensation law. And I have never had a Defense so vigorously contested with so little evidence...."

■ Review of the record bears out the trial court's expression as being supported by the facts. The main issues were whether Aguilar was injured as she claimed, and the extent of her disability. The School District tried to impute bad motives to Aguilar for filing her claim. It tried to show that she was justifiably not rehired as a cook by referring to incidents which occurred years earlier and after which she had been twice rehired. In our opinion, such issues were not entirely relevant and certainly increased the time spent to litigate the matter. The fee awarded does not necessarily need to be less than the compensation recovered, but must be based on matters other than punitive awards for bad faith efforts of respondents.

This matter is remanded to the same trial court to review the fee award, in light of this Opinion and that of the court of appeals.

We order the court of appeals opinion to be published with this one.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, and RIORDAN and STOWERS, JJ., concur.

APPENDIX

No. 5927.

Court of Appeals of New Mexico.

July 26, 1983.

OPINION

WOOD, Judge.

The appeal in this compensation case presents issues (A) as to the extent of plaintiff's disability, and (B) the propriety of the award of attorney fees. The fee question presents issues as to (1) summary procedure and bad faith; (2) basis of the fee award; and (3) embroilment of the trial court.

### A. Disability

■ The trial court found that plaintiff was totally disabled from November 19, 1979 to January 29, 1980, and fifty percent disabled from January 29, 1980 to October 29, 1980. Plaintiff's cross-appeal contends the trial court erred in failing to find her disability continued after October 29, 1980. The trial court could properly view the evidence as showing that after October 29, 1980, plaintiff was performing work for which she was fitted and was not partially disabled. NMSA, 1978, § 52–1–25. The cross-appeal is without merit; the judgment awarding disability is affirmed.

### B. Attorney Fees

The defendants' appeal challenges the propriety of an award of $13,280.65 as attorney fees. We reverse the fee award and, thus, disallow any award of attorney fees in the appeal. The record indicates that the fee award was, in part, punishment of the defendants and suggests personal embroilment of the trial judge. On remand the fee award is to be made by another judge. *See Wollen v. State,* 86 N.M. 1, 518 P.2d 960 (1974).

1. *Summary procedure and bad faith.*

Findings Nos. 4 and 5 together read:

4. Workmen's Compensation cases by statute are contemplated to be summary in nature, and the parties are charged with the responsibility of litigating in good faith those issues about which there is a reasonable dispute of the facts.

5. Defendants' attorney insisted in bad faith upon making plaintiff prove each and every issue of the case even though there was no reasonable dispute about most of them.

(a) The New Mexico statutes do *not* provide for summary trial of compensation claims. The statutes provide for a "civil complaint" and 30 days to answer, that unless otherwise provided by the compensation statute the rules of civil procedure apply. The statutes state a preferance for early handling inasmuch as claims are to be advanced and disposed of as promptly as possible. However, nothing indicates a summary trial. *See* NMSA 1978, §§ 52–1–32, 52–1–34, 52–1–35 and 52–1–39.

(b) The trial court found that the defendants' attorney acted in bad faith in "making plaintiff prove each and every issue of the case even though there was no reasonable dispute about most of them." As a general proposition, plaintiff had the burden of persuading the trial court as to all elements of her compensation claim. *Mayfield v. Keeth Gas Company*, 81 N.M. 313, 466 P.2d 879 (Ct.App.1970). Plaintiff had this burden, regardless of any "bad faith" by the defendants' attorney.

(c) The defendants' attorney objected to evidence of *temporary* disability and objected to evidence of *total* disability on the basis that these two items were not raised by the pleadings. The objections were proper objections; they did not show bad faith. The trial court admitted the evidence and allowed an amendment to the pleadings to conform to the evidence.

(d) There was a reasonable dispute as to whether plaintiff suffered an accidental injury while at work, and whether plaintiff suffered a disability from the alleged injury. These two items were contested, and well tried, by the attorneys for plaintiff and for defendants. The trial court remarked "the evidence that was submitted by the Plaintiff in this case is very weak." The defendants' contest of these items did not show bad faith.

(e) The testimony raised the issue of notice. *See* NMSA 1978, § 52–1–29. It is fairly debatable as to which party interjected notice into the case through evidence; notice was not raised as an issue in the pleadings. Assuming that the defendants' attorney first interjected the notice issue into the trial, once notice became an issue plaintiff had to prove notice in order to obtain a judgment for compensation. *Geeslin v. Goodno, Inc.*, 75 N.M. 174, 402 P.2d 156 (1965). Plaintiff had no difficulty with this proof; the written report to the compensation insurer was admitted as an exhibit. In making the attorney fee award the trial court commented on the notice issue. Notice, *qua* notice, was a minor issue. Most of the notice testimony was directly relevant to the question of whether an accident had occurred. Contesting the accident did not show bad faith; the sideshow of notice, *qua* notice, did not show bad faith.

(f) Neither the district court file nor the transcript of proceedings through the trial of the compensation claim raises an inference of bad faith on the part of the defendants' attorney.

(g) The bad faith issue arises only in connection with the attorney fee award. Plaintiff moved for an award, supporting it with an affidavit which, if not contested, would provide evidentiary support for an award. *Lopez v. K.B. Kennedy Engineering Co.*, 95 N.M. 507, 623 P.2d 1021 (Ct.App. 1981). The defendants did not file a counter affidavit; they moved to strike the affidavit, and this was granted. At the hearing on the question of the fee award, the trial court pointed out that the defendants' counsel not only refused to permit the fee question to be submitted on affidavit, but also refused to have the question presented through a telephone conference call. The defendants insisted on a hearing. The record shows that the defendants' counsel was an obstructionist in resolving the question of attorney fees. The trial court could properly find that the defendants' counsel acted in bad faith on the fee issue, but the finding is not so limited and, for that reason, is factually erroneous.

(h) What is the consequence of the attorney's bad faith? None of the factors in *Fryar I* (*Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979)), provide for a fee award based on the attorney's bad faith. It

is plaintiff's burden to produce evidentiary support for a fee award. *Morgan v. Public Service Co. of New Mexico,* 98 N.M. 775, 652 P.2d 1226 (Ct.App.1982). The consequence is that the time, effort and skill of plaintiff's attorney, utilized in connection with the fee hearing, provide a basis for increasing the fee award.

Our point is that the findings as to summary procedure and the bad faith of the defendants' attorney do not support the fee award.

### 2. *Basis for the fee award.*

Finding No. 6 states:

6. Taking into account defendants' offers of settlement made more than thirty days prior to trial, the present value of the award, the chilling effect of miserly fees, the time and effort expended by plaintiff's attorney, the extent to which the issues were contested, the novelty and complexity of the case, the fees normally charged for similar services, the ability, experience, skill and reputation of the plaintiff's attorney, the relative success of the plaintiff, and amount of the fees involved, and the relevant rate of inflation and rise in the cost of living, a reasonable attorney's fees to be awarded to plaintiff is $13,280.65.

(a) Finding No. 6 is not a finding of fact. It refers to various *Fryar I* factors, but the reference is to taking them into account. How were they taken into account? Findings are of ultimate facts. NMSA 1978, Civ.P.R. 52(B)(1)(b) (Repl. Pamp.1980). The trial court considered that a settlement offer was made more than 30 days prior to trial, but how did it consider the offer? How did it consider the time and effort of plaintiff's attorney? How did it consider the relative success of plaintiff? We do not know. This finding does not support the fee award.

(b) The defendants made a written offer of settlement more than 30 days prior to trial. At the fee hearing, the defendants pointed out that the settlement offer exceeded the amount of compensation that plaintiff recovered. The defendants overlook the ambiguity in the offer concerning medical expenses and the weaseling in the offer concerning attorney fees. The settlement offer is not to be broken down between compensation and medical benefits, because attorney fees may be awarded for the recovery of both. *See Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975). Because of the ambiguity of the offer, it cannot be held that plaintiff failed to collect compensation in excess of the amount offered. NMSA 1978, § 52–1–54(D).

(c) The defendants claim that all but the last $1,000.00 of the fee award was based on the time expended by plaintiff's attorney. The trial court's remarks from the bench support this claim, but these remarks were not included in the defective finding. *Jennings v. Gabaldon,* 97 N.M. 416, 640 P.2d 522 (Ct.App.1982), points out that the fee award may not be based solely on the time expended by plaintiff's attorney. The propriety of this restriction is illustrated in this case; the trial court could not have properly based a portion of the fee award solely on the claim of plaintiff's attorney that 10.3 hours were expended in drafting and filing the complaint of one and one-half pages.

(d) The defendants claim that the last $1,000.00 of the fee award was for the hearing on the fee award. We do not know if this is so; it is not revealed by the defective finding. However, there is evidence to support this additional $1,000.00 if this amount was awarded on the basis of the fee hearing. The evidence is the time, travel and court appearance by the plaintiff's attorney. *See Bufalino v. Safeway Stores, Inc.,* 98 N.M. 560, 650 P.2d 844 (Ct. App.1982).

(e) A factor to be considered in awarding an attorney fee is the relative success of the worker in the court proceeding. *Fryar II (Johnsen v. Fryar,* 96 N.M. 323, 630 P.2d 275 (Ct.App.1980)). Plaintiff sought a permanent partial disability of fifty percent; she recovered temporary total disability of slightly over ten weeks, and

temporary partial disability of fifty percent for nine months. Her total award for compensation was $2,157.52; her award for medical and medical travel to time of trial was $2,027.41. Assuming the defendants are correct, the fee award through trial was $12,280.65. The fee awarded must be reasonable in relation to the success obtained. *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The issues tried—notice, accident, disability—were neither unusual nor complicated. *Fryar II.* In light of the issues litigated, a fee award of $12,000.00 is, on its face, unreasonable in relation to the success obtained.

### 3. *Trial court's embroilment.*

The trial court said:

(a) I share some of plaintiff's "anger about the absolute recalcitrance on the part of the Defendant * * * to come to any reasonable and acceptable discussion of what can be proven and disproven."

(b) "Defendants have, to this very day, [been] unreasonabl[y] recalcitran[t] in discussing the merits of this case. And litigating every possible issue into the ground regardless of whether there exists any reasonable basis to do so or not."

(c) If the defendants had not insisted on a hearing on the question of fees "we could have saved * * * [t]he Court's afternoon and which I have various other matters,

including what I feel is an abandoned attempt at this point to try [to] improve the courtroom, because I have lost my ability to present my case before the current commission on [the] budget hearing."

The evidence would have sustained a finding of *no* accident. The trial court's acknowledged irritation goes (1) to the defendants insisting that there be a trial of the case on the merits; (2) the defendants insisting on a hearing on the question of the fee award; and (3) because of the fee hearing, the trial judge was unable to appear at a budget hearing.

The fee award is reversed. The cause is remanded with instructions that an appropriate fee award be made by another judge. The award is to be based on the record, and without any additional evidence.

No costs are awarded.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.