This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN RE CONTEMPT OF**
**YOKI MAURX,**

**YOKI MAURX,**

  Plaintiff-Appellant,

v. NO. 30,696

**STATE OF NEW MEXICO,**
**EX REL. HONORABLE**
**SANDRA ENGEL,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Sanchez, Mowrer & Desiderio, P.C.
Frederick M. Mowrer
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Scott Fuqua, Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Appellant, Yoki Maurx, appeals a district court order affirming a metropolitan court order finding him in contempt of court. In our notice, we proposed to reverse and remand. The State has timely responded. We have considered its arguments and not being persuaded, we reverse.

In our notice, we proposed to conclude that the metropolitan court found Appellant to be in direct contempt of court. We pointed out that the violation of the witness sequestration rule could not be direct contempt as it occurred outside the presence of the trial court. The State agrees that violation of the witness sequestration rule could not be a basis for direct contempt. Nevertheless, it argues, Appellant's misrepresentation of his conversation with his partner was direct contempt in the presence of the trial court. In our notice, we agreed.

However, we pointed out that the trial court could not find Appellant in direct contempt in a summary proceeding conducted long after the alleged contemptuous conduct occurred. *See State v. Wollen*, 85 N.M. 764, 765, 517 P.2d 748, 749 (Ct. App. 1973), *rev'd on other grounds*, 86 N.M. 1, 518 P.2d 960 (1974). The State has not responded to this, but simply argues that Appellant was afforded the process that is required for summary punishment of contempt. It points out that Appellant knew that when he testified he was under oath, that he was given an opportunity to explain when

he was asked about his conversation with his partner, and that he had a hearing as his explanation was in open court. [MIO 7] *See In re Klecan*, 93 N.M. 637, 640, 603 P.2d 1094, 1097 (1979) (setting out the requirements for summary punishment of direct contempt).

We do not believe that the requirements set out in our case law regarding summary punishment for direct contempt are satisfied by the circumstances of this case. It is true that Appellant knew he was testifying under oath, but he was never allowed to explain the discrepancies between his version of the conversation with his partner and his partner's version of the conversation. The trial court simply heard the two versions and decided that Appellant was lying. Rather than trying to resolve the apparent conflict in the testimony, the trial court found Appellant in contempt of court. However, the trial court did not do so immediately, but waited until nearly two months after the conduct occurred. [RP 30] Having waited so long, the court could not dispense with the constitutional requisites of notice and hearing. *Wollen*, 85 N.M. at 765, 517 P.2d at 749. Appellant is entitled to a full criminal contempt proceeding as we described in our notice. [CN 4]

For the reasons stated herein and in the calendar notice, we reserve and remand to the district court to reverse and remand to the metropolitan court to either conduct a proper criminal contempt proceeding with the full protections of criminal law or to

3

dismiss the criminal contempt order.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**