## EX PARTE A. S. GENECOV.

No. A-462. Decided March 14, 1945.
Rehearing overruled April 11, 1945.
(186 S. W., 2d Series, 225.)

*J. Manuel Hoppenstein, R. D. Hardy* and *Gabe P. Allen,* all of Dallas, for realtor.

There being no evidence whatever to show any overt act on the part of the relator in violation of the temporary injunction, the judgment is invalid, and the injunction is void because it is an attempt to enforce a voluntary agreement, and the collection of an illegal assessment by imprisonment. It is also an attempt to assess a double punishment for the same offense. Ex parte Armstrong, 8 S. W. (2d) 674; Ex parte Hughes, 133 Texas 505, 129 S. W. (2d) 270; Ex parte Britton, 127 Texas 85, 92 S. W. (2d) 294.

*Grover Sellers,* Attorney General, *Benjamin Woodall* and *Holman Jenkens,* Assistants Attorney General, for respondent, State of Texas.

The district court did not exceed its authority in assessing the punishment of the petitioner by fine and confinement in jail for each and every of the thirty separate and distinct acts, as each of said acts constituted a separate offense. Stewart v. Commonwealth, 209 Ky., 372; 272 S. W. 906; Blackwell v. State, 92 Texas Crim. Rep., 473, 244 S. W. 532; Ex parte Kimberlin, 126 Texas 60, 86 S. W. (2d) 717.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

By this original habeas corpus proceeding A. S. Genecov seeks release from an order of the District Court of the 116th district, Dallas County, adjudging him to be in contempt of court and a commitment issued in pursuance thereof. Upon a motion in contempt charging thirty-six separate, distinct and specific violations of an injunction theretofore issued by the court forbidding the relator and others from discharging or depositing salt water or other polluting substances produced or flowing from oil wells into the Neches or Angelina rivers or any of their tributaries, the trial judge found relator guilty of thirty of such violations extending over a period of about nine months and fixed his punishment at a fine of $50.00 and one day's imprisonment for each violation, aggregating a total punishment of a fine of $1,500.00 and imprisonment for thirty days.

In this opinion only those points relied upon which bring into question the jurisdiction of the court to enter the order

will be considered. Those points questioning the evidence or the motives and purpose back of the proceeding will not be dealt with. This for the reason that a writ of habeas corpus is not a writ of review. It is but a collateral attack upon the judgment from which relief is sought and cannot be made to take the place of an appeal or writ of error. Our function is to determine whether, in the issuance of the contempt order, the principles of due process were observed, which includes the question of jurisdiction of the trial court to enter the order. As stated in Ex parte Duncan, 127 Texas 507, 95 S. W. (2d) 675:

"* * * In order to obtain relief from the order of contempt herein, it must be shown that the order or writ of commitment is absolutely void, and such voidness must rest solely on the lack of jurisdiction. Ex parte Lee, 127 Texas 256, 93 S. W. (2d) 720; Ex parte Kimberlin 126 Texas 60, 86 S. W. (2d) 717; Ex parte Testard, 101 Tex. 250, 106 S. W. 319. See, also, 29 C. J., pp. 24 to 29, secs. 18 and 19, and cases cited in notes."

In Ex parte Lipscomb, 111 Texas 409, 239 S. W. 1101, the functions and powers of this court in a habeas corpus proceeding are summed up in this language:

"* * * We are in no sense exercising an appellate jurisdiction, but are simply determining, in the exercise of our original jurisdiction, whether or not a citizen is restrained of his liberty without due process; by which is meant whether or not his restraint is the result of a hearing before a competent tribunal, having jurisdiction of the subject matter, after notice, and an opportunity to be heard. If the elements of due process are not present, then our jurisdiction attaches and the relator may be released from custody. If all are present, then our inquiry ends. * * *."

In the light of these limitations upon our authority we consider the points relied upon. The first two of such points will be considered together. They are as follows:

"1. Because the 116th District Court did not have jurisdiction to render the judgment in contempt in question, in that the fine of $1,500.00 and thirty days in jail as assessed against the relator were beyond the jurisdiction and power of the court to impose."

"2. Because the 116th District Court did not have the authority to divide one contempt, if one were shown, into thirty separate and distinct contempts under one motion for contempt and on one affidavit."

The power of a district court to punish for contempt is regulated by Article 1911, R. S. 1925, which reads as follows:

"The district court may punish any person guilty of contempt of such court by fine not exceeding one hundred dollars, and by imprisonment not exceeding three days."

■ It would hardly be contended that after a court has punished a party to the limit of the statute for a violation of its injunction and such party has paid the penalty imposed upon him, he could thereafter violate the injunction with impunity and the court would be powerless to punish him therefor. Obviously, the statute places no such limitation upon the power of a district court. Neither could it reasonably be contended that the trial court could divide one contemptuous act into thirty separate acts and assess the maximum punishment provided by statute for each of such acts. Had the relator been charged with but one continuous act of polluting the streams, and had the court concluded that each day or each hour of his violation constituted a separate and distinct contemptuous act, relator's points would be well taken. But that is not the case presented. The motion upon which the contempt order was entered charged the relator, along with others, with thirty-six separate, distinct and independent violations of the injunction in the operation of several leases and the trial court, after a hearing, sustained thirty of such charges, finding in favor of relator on the other six. With particularity the order describes each and every act of which relator was found to be guilty and the punishment assessed against him was a fine of $50.00 and confinement in the county jail for a period of twenty-four hours "for each and every of the aforesaid acts." Relator was served with notice, and was given a hearing at which he was confronted by the witnesses who testified against him.

The question of the power of a court to assess punishment for more than one act of contempt in a single proceeding, although the aggregate punishment assessed exceeds the punishment which the court is authorized to assess for a single contemptuous act, has been before the courts of California in several cases, and in each it was held that no violation of the principles and practices of due process was involved. Among such cases may be cited the following: Lindsley v. Superior Court, 76 Calif. 419, 245 Pac. 212; Ex parte Shuler, 210 Cal. 377, 292 Pac. 481; Hume v. Superior Court, 17 Cal. (2d) 506, 110 Pac. (2d) 669. This practice was also approved in Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 55 L. ed. 797, 31 Sup. Ct. 492; 34 L. R. A. N. S. 874.

But we need not resort to outside authorities, for our own courts have decided the question in principle. There is no prescribed procedure in contempt actions, but is is generally recognized that, whether such actions grow out of civil or criminal proceedings, they are somewhat criminal in nature and the procedure therein should therefore conform as nearly as practicable to criminal procedure. Ex parte Scott, 133 Texas 1, 123 S. W. (2d) 306. It could hardly be said that a contempt is analagous to a felony, because of the penalty prescribed in Article 1911, copied above. It is more accurate to state that it is analagous to a misdemeanor. Our Court of Criminal Appeals has consistently held that it is not a violation of due process to convict a defendant of separate, independent misdemeanor charged in one indictment or information. A late expression of this rule was made in Teal v. State, 135 Texas Cr. R. 428, 120 S. W. (2d) 94, as follows:

"Unquestionably in misdemeanor 'cases separate offenses may be charged in separate counts and the whole matter disposed of in one trial and convictions had in response to the different offenses so charged. And a judgment in such a case is not invalid because it is based on a verdict finding the accused guilty of three separate offenses alleged in different counts of the same indictment.' 12 Tex. Jur. 694. See Blackwell v. State, 92 Texas Cr. R. 473, 244 S. W. 532; Sanders v. State, 70 Texas Cr. R. 209, 156 S. W. 927."

We can perceive no sound reason for imposing greater restrictions upon the court in contempt proceedings than those obtaining in misdemeanor proceedings. Since one indictment or information is sufficient in one proceeding, then by a parity of reasoning one motion or affidavit is sufficient in the other.

Another point is:

"Because said judgment is invalid in that the motion upon which it is based does not allege what agent of the Roosth & Genecov Production Company is claimed to have violated said purported injunction."

■ It appears that Roosth and Genecov Production Company, a corporation, of which relator is president, was adjudged guilty of contempt in this same proceeding and a fine of $100.00 for each of thirty contemptuous acts was assessed against it. The corporation is not a party to the proceeding in this court. The motion alleged specific acts of violation on the part of relator, and he will not be heard to complain of their insufficiency as against the corporation.

Another point is:

"Because a court of equity has no power or jurisdiction to enforce a criminal statute."

■ Under this point it is argued that, while Article 4444, R. S. 1925, which prohibits the pollution of a water course, does contain a provision for the issuance of an injunction against such acts of pollution, the issuance thereof is conditioned upon a prior conviction of the person violating the law, and since the relator was not convicted of polluting the water course before the issuance of the injunction, the Court was without jurisdiction or authority to enter the order complained of. This Court refused a writ of error in the case of Goldsmith & Powell v. State, 159 S. W. (2d) 534, in which this question was decided adversely to the relator's contention. Upon that authority, which we again approve, we overrule this point.

The last point is as follows:

"Because the judgment in contempt is a double punishment for the same offense."

■ Under this point it is argued that the court, having imposed a fine of $100.00 for each of the acts of contempt against the corporation and a fine of $50.00 for each of the same acts against the relator, has, in fact, imposed a fine for one and the same act of $150.00 in direct violation of Article 1911, limiting the amount of such fine to $100.00. The corporation and the president are distinct entities and no more reason is perceived for adding the punishments assessed against the two of them for a contemptuous act in determining the court's jurisdiction than for adding the punishments assessed against two individuals under the same circumstances for the same purpose. Two individuals may together commit the same act of contempt and each be punished therefor to the full limit of the statute, and no reason is perceived why, if one of those contemnors should be a corporation, it should not likewise be punished to the extent of the payment of a fine in the full amount prescribed by statute. This point is overruled.

We are of the opinion that the trial court acted well within its powers in assessing the punishment complained of, and that no element of the principle of due process was violated in the proceeding. From this it follows that the relator should be remanded to the custody of the Sheriff of Dallas County, and it is so ordered.

Opinion adopted by the Supreme Court, March 14, 1945.

Rehearing overruled April 11, 1945.