Ex parte Charles Ben HOWELL.

No. 46007.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Rehearing Denied Jan. 10, 1973.

H. Averil Sweitzer, Dallas, for relator.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from two contempt certificates against contemner, Charles Ben Howell. The first contempt was imposed by the Honorable Dee Brown Walker. Judge Walker then transferred the matter for a hearing before another judge pursuant to Article 1911a, Section 2(c), Vernon's Ann.Civ.St.[1] That hearing was held before the Honorable Louis T. Holland. Judge Holland found the petitioner guilty of the contempt Judge Walker had cited him for. Judge Holland also held the petitioner in contempt for conduct which occurred in his courtroom during the hearing.

Thus we are faced with the determination of the validity of two separate contempts.

The record reflects that petitioner was employed by one Edna Ralston to handle a divorce proceeding against her husband, Norman Ralston. The couple were divorced in June 1968 and subsequently remarried. In 1970 the husband represented by the Honorable Gerald Coplin again filed for divorce. The action was set in Domestic Relations Court No. 3. Sometime thereafter petitioner became Edna Ralston's attorney and filed a bill of review in Domestic Relations Court No. 2 seeking to set aside the 1968 divorce judgment and praying for a divorce.

The Honorable Greer Dowell, Judge of Domestic Relations Court No. 2, instructed the litigants to take both cases before the Honorable Dan Gibbs, Judge of the Domestic Relations Court No. 3, so that both cases could be disposed of simultaneously.

Although no formal order of consolidation appears in the record, on April 12, 1971, both lawyers and their clients appeared at a hearing before Domestic Relations Court No. 3 to determine the status of the cases. The record further reflects that there was correspondence between relator and Mr. Coplin concerning the cases on April 7, 1971. On May 24, 1971, both lawyers were instructed by Judge Gibbs to have the minor children before the court on June 2, 1971, so that the court could determine matters concerning their custody and visitation with their mother.

On May 26, 1971, just two days after Judge Gibbs had scheduled the hearing for June 2, 1971, relator appeared before the Honorable Dee Brown Walker, Judge of the 162nd Judicial District Court, sitting for the judge of the Domestic Relations Court No. 2, and presented Judge Walker with the file of the bill of review and divorce proceeding from Domestic Relations Court No. 2 and moved for a default judgment on the grounds that no answer had been filed therein. Relator's own testimoby reflects that he did not tell Judge Walker about the hearing set for June 2, 1971, and did not reveal the fact, even when directly questioned, that there was another case pending and that he and Mr. Coplin. had appeared before Judge Gibbs in both cases just two days before. Acting upon the representations by the petitioner, Judge Walker entered a default judgment awarding custody of the minor children to Edna Ralston, petitioner's client, even though relator was aware that that very matter was set for a hearing on June 2, 1971, in Domestic Relations Court No. 3.

Upon discovering petitioner's fraudulent action, Judge Walker issued a "Declaration and Certificate of Contempt" in which he set forth petitioner's professional misconduct described above as well as other conduct of petitioner growing out of this same divorce litigation which is unnecessary for this court to consider in a determination of the validity of these contempt orders be-

1. Article 1911a, Section 2(c), V.A.R.C.S. "An officer of a court held in contempt by a trial court, shall, upon proper motion filed in the offended court, be released upon his own personal recognizance pending a determination of his guilt or innocence by a judge of a district court, other than the offended court."

fore us here. According to Judge Walker's order, the Certificate was issued under the authority of Article 1911a, supra. He assessed petitioner's punishment at three days (72 hours) in jail and a fine of $100.

Judge Walker further found that the petitioner was entitled to a hearing on "such contempt and determination of proper punishment thereof by a judge other than this judge."

On July 27, 1972, the petitioner and a representative of the District Attorney's office appeared before Judge Holland, a retired judge sitting in the Domestic Relations Court No. 2, to determine whether petitioner was guilty or innocent of .the contempt. During the hearing Assistant District Attorney John Tolle asked him to name the four lawyers he contended he had asked to assist him. Petitioner declined to answer. Mr. Tolle moved the court to hold him in contempt and the court ordered him to answer the question. His refusal to do so to the court resulted in an order of contempt finding him guilty thereof and assessing his punishment at 30 days in jail and a fine of $500.

■ As we interpret Article 1911a, supra, when a court finds an officer of the court guilty of contempt and assesses his punishment for such contempt, the contemner has a right to have a judge, other than the offended court, determine whether or not he is actually guilty. Whatever punishment has been set by the offended court is, likewise, subject to readjudication by the "judge to be appointed for that purpose" just as his "guilt or innocence". Although it appears that Judge Walker may have had to go outside the immediate occurrence of the contemner's appearance before him on the occasion in question, our construction of the statute makes it unnecessary to determine whether or not the conduct cited by Judge Walker represents direct or constructive contempt. Once Judge Walker held petitioner in contempt and certified the case to another judge pursuant to Article 1911a, Section 2(c), supra, he fulfilled all his requirements for holding an "officer of the court" guilty of contempt. It then became incumbent upon the judge to whom the case was certified to determine petitioner guilty or innocent. After an examination of the record we conclude that there was sufficient evidence for Judge Holland to find petitioner was guilty of the contempt Judge Walker cited him for.

Next, we must determine whether under Article 1911a, Section 2(c), supra, Judge Holland was required to transfer the case of contempt to another judge for determination after he held the petitioner guilty of contempt during that hearing. It is the appellant's contention that, since he was before Judge Holland as an attorney, he was entitled to a hearing before another District Judge under Article 1911a, Section 2(c), supra.

■ We do not agree. When appellant made a motion for continuance he was acting as an attorney, but when he took the witness stand to testify in support of his motion for continuance he lost his status as an officer of the court and became a witness and subject to a finding of direct contempt by Judge Holland. See Ex parte Norton, 144 Tex. 445, 191 S.W.2d 713; Ex parte Aldridge, 169 Tex.Cr.R. 395, 334 S. W.2d 161.

■ Another of petitioner's contentions is that since Article 1911, V.A.R.C.S., was repealed without a saving clause and since the original act was committed before Judge Walker on May 26, 1971, prior to the effective date of Article 1911a (August 30, 1971), any proceedings instituted thereafter under such Article were void. We do not agree. The amendment of Article 1911, supra, did not alter the power of Judge Walker to punish the appellant by a three-day confinement and a fine of $100. This power Judge Walker had under Article 1911, supra, prior to its amendment. The effect of the amendment was to increase the possible punishment and to provide a different forum for the punishment

for an officer of the court who had been found guilty of contempt. The matter was set for hearing under Article 1911a, supra, before Judge Holland.

 Appellant further contends that Judge Holland was not qualified to act in his case because he is a retired judge and not "a judge of a district court, other than the offended court" as provided by Article 1911a, Section 2(c), supra. Article 6228b, Section 7, V.A.R.C.S., provides that a retired district judge may be assigned to sit in a district court ". . . and while so assigned, shall have all the powers of judges thereof". We hold Judge Holland, the Presiding Judge of the 8th Administrative Judicial District (Article 200a, Section 2, V.A.R.C.S.) who is also a retired district judge, is qualified, upon assignment, to act as "a judge of a district court", pursuant to Article 1911a, supra.

Appellant challenges the constitutionality of Article 1911a, supra, on the ground that it is violative of due process and equal protection because it fails to provide for trial by jury. It is axiomatic that courts have the power to punish for contempt without the intervention of a jury. He further attacks the statute because it increases the punishment from that provided by the former Article 1911, V.A.R.C.S. The mere increase in the punishment could in no wise affect the constitutionality of the Act. Reliance upon In Re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942, is misplaced. That case did not deal with the type of contempt involved in these cases and expressly so stated. In Re Murchison, supra, is the only case cited in support of appellant's constitutional challenge.

He further contends that such statute provides for punishment prior to a determination of guilt or innocence. We do not so view it. While the statute permits a judge to assess punishment, the enforcement of such punishment is held in abeyance until a determination of guilt or innocence is made by another judge.

We have concluded that the statute is not subject to the attacks of unconstitutionality leveled against it by the appellant.

Having concluded both orders of contempt are valid, the judgments are affirmed.