

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 18, 1974

The Honorable Tom Hanna
Jefferson County
Criminal District Attorney
P. O. Box 2553
Beaumont, Texas 77701

Dear Mr. Hanna:

Opinion No. H- 218

Re: Whether a respondent
in a Uniform Reciprocal
Enforcement of Support
Act is entitled to a jury
trial

Your office has asked the opinion of this office as to whether a respondent in a Uniform Reciprocal Enforcement of Support Act proceeding is entitled to a jury trial upon proper request.

Article 2328b-4, V. T. C. S., the Uniform Reciprocal Enforcement of Support Act, was enacted by the 59th Legislature in 1965. It derived from Articles 2328b-1 to 2328b-3, which were similar in purpose and effect, and most cases interpreting the rights of a respondent under the old statute are applicable to the new one.

The stated purposes of the Act are set forth in §1 which provides:

"The purposes of this Act are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto. "

To achieve these purposes, the Act provides procedures whereby residents of other states can enforce support orders against Texas residents and vice versa.

The usual manner of enforcing such orders is by contempt proceedings [Cf. Guercia v. Guercia, 241 S. W. 2d 297 (Tex. 1951); Freeland v. Freeland, 313 S. W. 2d 943 (Tex. Civ. App. , Dallas, 1958, no writ)] and §25 of the Act provides:

p. 1016

" . . . the court of this State when acting as the responding state has the power to subject the defendant to such terms and conditions as the court may deem proper to assure compliance with its orders and in particular; . . . .

"(c) To punish the defendant who shall violate any order of the court to the same extent as is provided by law for contempt of the court in any other suit or proceeding cognizable by the court. "

Section 37 of the Act further provides:

"The support order as confirmed shall have the same effect and may be enforced as if originally entered in the court of this State. The procedures for the enforcement thereof shall be as in civil cases, including the power to punish the defendant for contempt as in the case of other orders for payment of temporary alimony, maintenance or support entered in this State. "

Article 1, § 15, of the Texas Constitution provides that "the right of trial by jury shall remain inviolate" and Article 5, § 10, of the Texas Constitution provides that "in the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury, . . . ."

However, it has long been recognized that juries are not available to respondents in contempt proceedings. In Ex Parte Howell, 488 S.W. 2d 123 (Tex. Crim. 1972), the court summed up a consistent history of decisions by stating, "It is axiomatic that courts have the power to punish for contempt without the intervention of a jury." 488 S.W. 2d at p. 127.

In Ex Parte Winfree, 263 S.W. 2d 154 (Tex. 1953), the Supreme Court applied this axiom to a child support case and denied habeas corpus to a parent adjudged in contempt without a jury. See also Ex Parte Allison, 90 S.W. 492 (Tex. Crim. 1905); Ex Parte Garner, 246 S.W. 371 (Tex. Crim. 1922); and Crow v. State, 24 Tex. 12 (1859).

It is therefore our opinion that, although a respondent is entitled to general due process in connection with a contempt proceeding brought under Article 2328b-4, V. T. C. S. [see Ex Parte Hosken, 480 S. W. 2d 18 (Tex. Civ. App., Beaumont, 1972, no writ hist.) and cases cited therein], such a respondent is not entitled to a jury.

## SUMMARY

A respondent is not entitled to a jury in connection with contempt proceedings brought under Article 2328b-4, V. T. C. S., the Uniform Reciprocal Enforcement of Support Act.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee