**DEPARTMENT OF REGISTRATION OF DEPARTMENT OF BUSINESS REGULATION of the State of Utah, Plaintiff and Respondent,**

v.

**Jeff STONE and/or Lakewood Enterprises, Inc., d/b/a Neo-Denture Clinic, Defendants and Appellants.**

**No. 15711.**

Supreme Court of Utah.

Nov. 6, 1978.

Robert M. McRae, Loni F. DeLand, Salt Lake City, for defendants and appellants.

Robert B. Hansen, Atty. Gen., Leon A. Halgren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

We are asked to set aside or modify a sentence imposed for contempt of an order restraining Appellants from the practice of dentistry and from particular acts related to the fabrication of dentures.

Appellants Jeff Stone ("Stone") and Lakewood Enterprises, Inc., ("Lakewood") a corporation of which Stone is president, do not deny having been served with a copy of the restraining order on October 28, 1977. They also admit having prepared 120 sets of dentures after having been served. There is nothing vague or ambiguous about the language of the restraining order; it could not more clearly identify as forbidden the acts in which Appellants engaged after having been served. We are in accord with the trial court that the contempt was flagrant and committed in defiance of the judicial system.

Stone was sentenced to a one-half day in jail and Lakewood was fined $100 for each violation, a total of sixty days in jail and $12,000 in fines. The issue is whether the sentence imposed is excessive either (1) be-cause it treated as 120 separate instances of contempt a course of conduct which must, as a matter of law, be treated as one con-tempt episode, or (2) because it is so harsh as to offend established concepts of justice.

With reference to the propriety of the trial court treatment of each set of den-tures as a separate instance of contempt, Appellants call our attention to a line of cases which deal with (and require to be treated as one instance of contempt) the several refusals of a witness to answer questions of the same import in one judicial proceeding or with continued contemptuous conduct of an attorney in the tension of a trial. None deals with repeated acts (as distinguished from refusals to act) in viola-tion of a restraining order issued after hearing and not appealed from.

Appellants also call our attention to pro-visions of the Utah Criminal Code dealing with the circumstances under which jail sentences are required to be concurrent. The Criminal Code, by its own terms (76–1–107(2)), does not affect the power of the court to punish for contempt. We do not view the Criminal Code or cases arising under it as controlling authority.

Plaintiff-Respondent (the "State") cites seven cases from five jurisdictions in support of the proposition that the sentenc-ing judge has discretion to treat separate acts of violation as separate instances of contempt. Most in point is *Ex Parte Gene-cov*, 143 Tex. 476, 186 S.W.2d 225, where each of thirty-six incidents of enjoined dis-charge of pollutant into a river was treated as a separate instance of contempt. We hold that a sentencing judge has discretion to treat separate acts of violation as sepa-rate instances of contempt to be separately punished, within the statutory limitations discussed below. In the circumstances and on the record of this case, the finding of 120 separate offenses is justifiable, but imposi-tion of contempt sentence for each viola-tion, on the record in this case, is not.

Chapter 32 of Title 78 of Utah's Code treats the subject of contempt. Section 78–32–10 permits the imposition of sentence

only where the person accused of contempt is determined to be "guilty of the contempt charged."[1] In this case, the motion for order to show cause, the affidavit in support of the motion, and the order itself charge only a course of conduct in violation of the restraining order, not 120 separate violations.

The parties have not addressed the question of what constitutes a "charge" under the statute. Where the statutes carefully provide the procedure for contempt punishment (as Chapter 32 of Title 78 does) the "charge" must be regarded as the content of the formal documents served on the person accused of contempt and in response to which he made his appearance. The demands of due process are not satisfied if the dimensions of the punishment are beyond the reasonable contemplation of the accused in the context of the motion and order to show cause with which he was served. For that reason, we rule that, under the order to show cause in this case, the court improperly imposed sentence in excess of the punishment statutorily permitted for one instance of contempt.

The order appealed from is reversed and the cause remanded for imposition of sentence consistent with this opinion.

ELLETT, C. J., concurs in result.

CROCKETT, Justice (Dissenting in part):

Regrettably, I cannot agree entirely with the per curiam opinion. This is because I think it may result in lack of certainty, both as to what should be done in this case, and as to the law generally. The soundness of the statement that a sentencing judge has discretion in regarding separate acts of violation as separate instances of contempt, to be separately punished, is to be doubted.

Due process and fairness require that a person charged with contempt be informed and given an opportunity to respond to and defend against each charge or charges made against him; and this would require that there be a separately stated charge for each contempt for which conviction is sought, and for which he may be found guilty and punished. If he is charged with the violation of a court order, the determination should be whether he is guilty of that charge; and it does not proliferate into multiple charges, neither as to day by day, hour by hour, or minute by minute, nor denture by denture, or tooth by tooth, merely because the proof relating to the contempt may be of any number of separate acts.

It is my opinion that this Court should forthrightly state that the trial court exceeded its authority in imposing the penalty of 60 days in jail and $12,000 in fine for separate acts, all of which were but proof supporting the charge of contempt. I would remand for sentencing consistent with the views expressed herein.

---

1. The statutes are not the only source of the court's power to punish for contempt. Where the statutes cover the specific conduct (violation of an order) deemed contemptuous here, there is no reason for the court to resort to any other source of authority.