**Ex parte Paul AVILA.**

No. 69175.

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1983.

Don Sallean, Houston, for appellant.

J. Ray Gayle, III, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an application for writ of habeas corpus in which the applicant, an attorney and officer of the Court seeks relief from a judgment holding him in contempt of the 239th Judicial District Court of Brazoria County. Applicant's punishment was fixed at three days confinement in the county jail and a fine of $200. Relief will be granted.

Applicant was summarily held in contempt of court on August 17, 1982, for failing to appear for trial in a case in which he was retained as counsel. The offended trial judge filed and entered a document entitled "Order for Contempt" with the district clerk. A commitment and warrant of arrest was issued for the applicant. The applicant and his attorney appeared before the offended judge on August 20, 1982. There was no show cause order issued to applicant or his attorney, however, applicant and his attorney were furnished with a copy of the "Order for Contempt" dated August 17, 1982. A "proceeding" was held before the offended judge on August 20 with applicant and his attorney appearing. The apparent purpose of this "proceeding" was to allow applicant an opportunity to say anything to the trial judge that he desired to say. Applicant was given five minutes to make a statement, but was told by the offended judge that the "proceeding" was not a "show cause hearing," but only an opportunity for applicant to make a statement. The offended judge informed applicant that regardless of any statement applicant might make, the previously assessed punishment would stand. After applicant and his attorney made their remarks to the offended judge, applicant was again sentenced to three days in the county jail and a fine of $200. Applicant was then released on personal recognizance after requesting a hearing by another district judge, pursuant to V.A.C.S. Art. 1911a, Sec. 2(c). On January 5, 1983, a hearing was had pursuant to Art. 1911a, supra. At the conclusion of such hearing, the applicant was again found guilty of contempt of court in accordance with the allegations made by the offended judge in the offended court's "Order of Contempt." No commitment was issued and applicant was allowed to remain free on his personal recognizance.

∎ We note at the outset that if applicant is guilty of contempt, it is constructive contempt and not direct contempt. Failure to appear in court as directed is an omission which does not take place within the court's presence and which requires testimony to establish its existence. Such has been held to constitute constructive contempt. *Ex parte Hill,* 122 Tex. 80, 52 S.W.2d 367 (1932); *Ex parte Supercinski,* 561 S.W.2d 482 (Tex.Cr.App.1977). It is well settled that due process considerations require that one who is accused of constructive contempt will be given "full and complete notification" of the charges against him so as to afford him a fair opportunity to defend against them. See *Ex parte Edgerly,* 441 S.W.2d 514, 516 (Tex.1969).

We observe further, however, that the distinction between direct and constructive contempt is of little moment in view of the Supreme Court's decision in *Taylor v. Hayes,* 418 U.S. 488, 98 S.Ct. 2697, 41 L.Ed.2d 897 (1974). In *Taylor, supra,* the Supreme Court, inter alia, held:

> "We have stated time and again that reasonable notice of a charge and an opportunity to be heard in defense before punishment is imposed are basic in our system of jurisprudence. Even where summary punishment for contempt is imposed during trial, the contemnor has normally been given an opportunity to speak in his own behalf in the nature of the right of allocution. [citations omitted.]
>
> "On the other hand where conviction and punishment are delayed, it is much more difficult to argue that action without notice or hearing of any kind is necessary to preserve order and enable the court to proceed with its business."

∎ In the instant cause, the applicant was summarily found in contempt by the offended court on August 20, 1982. The "proceeding" could hardly be said to have

comported with the due process requirements of *Taylor,* supra. Applicant was not given any show cause order nor was he informed of the charges against him. The offended trial court merely summoned the applicant before him so applicant could make, in essence, a "last words" type of statement. We find that although this attempt by the offended trial judge was an admirable effort, nevertheless it fell short of even affording the applicant minimal due process of law. See *Taylor,* supra. We therefore find that the "order of contempt" entered by the offended court was void.

■ We find from the record that a hearing was held pursuant to Art. 1911a, supra, before the 130th District Court of Brazoria County. However, applicant was not served with any type of notice of show cause outlining the charges against him. The record reflects that the applicant was served with a copy of the "order of contempt" that had been previously entered by the offended trial judge. Applicant, through his attorney, vigorously objected to the commencement of the 1911a hearing without the benefit of any pleadings filed in the nature of a show cause proceeding. Applicant's objections were overruled by the 1911a judge and the hearing was conducted without any pleadings. Although we recognize that the "order of contempt" that was served on applicant afforded him more notice than was afforded in *Ex parte Pink,* 645 S.W.2d 262 (Tex.Cr.App.1982), we nevertheless believe that Judge Dally's reasoning in *Pink,* supra, is still viable:

> "The applicant was given notice that the hearing was to take place. However, the show cause order failed to give reasonable notice of the *specific charges* (emphasis added) against him. The show cause order is insufficient to inform the petitioner of the accusations against him. [Citations omitted.] The contempt judgment is therefore void."

In the more recent case of *Ex parte Martin,* 656 S.W.2d 443 (Tex.Cr.App.1982, rehearing denied 9/14/83) this Court stated:

> "We therefore hold that when an officer of the court is to have his guilt or

innocence of contempt adjudicated through the procedure required by Art. 1911a, Sec. 2(c), he must 'have reasonable notice of the specific charges and opportunity to be heard in his own behalf.'" [Citations omitted.]

■ We observe that a common sense reading of Art. 1911a, Sec. 2(c), supra, requires, in essence, a trial de novo once its provisions have been invoked by a contemnor. That is, once the offended judge has made a determination that an officer of the court is in contempt of court, and the contemnor invokes his mandatory right to a hearing before another judge, the statute requires that the guilt or innocence of the contemnor shall be determined by a judge other than the offended judge.

Since neither the offended court nor the judge of the 130th District Court complied with the mandates of the Supreme Court in *Taylor,* supra, nor this Court's holdings in *Ex parte Pink,* supra, and *Ex parte Martin,* supra, we hold the judgments of contempt are void.

The applicant's request for relief is granted.

ONION, P.J., and ODOM and W.C. DAVIS, JJ., dissent.