**Ex parte James M. MURPHY.**

No. 69205.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 14, 1983.
Rehearing Denied Jan. 18, 1984.

James M. Murphy, Dallas, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and David H. Montague, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an application for writ of habeas corpus in which the applicant, an attorney, seeks relief from a judgment holding him in contempt of the 297th Judicial District Court of Tarrant County. Applicant was found guilty of two counts of contempt and his punishment was fixed at a fine of $150.00 for one count and $300.00 and one day in the Tarrant County jail for the other.

In six grounds of error, applicant alleges: the order of commitment, show cause order, and contempt judgment are void because each was issued after a violation of due process; the evidence is insufficient to support the judgment of contempt; applicant has been twice put in jeopardy for the same acts; the judgment of contempt is void for imposing multiple punishments. We disagree and affirm the judgment of the trial court.

Applicant was found by the Honorable Charles Dickens to be in "direct" contempt for failing to attend a pretrial hearing in his court on August 12, 1983, and for failing to appear for the trial on the merits, August 22, 1983. The offended judge assessed punishment at seventy-two hours confinement in jail and a $500.00 fine. Applicant was arrested pursuant to such order but was released on personal recognizance pending determination of his guilt or innocence by a judge other than the offended judge. See V.A.C.S. Art. 1911a, Sec.

2(c). Applicant was subsequently served with the order of commitment issued by the offended judge and a notice to appear and show cause why he should not be held in contempt issued by the judge appointed to preside at the 1911a, Sec. 2(c) hearing. There, he was found guilty of the contemptuous acts alleged in the show cause instrument, but his punishment was reduced to a one day jail term and a fine of $450.00.

■ We note at the outset that if applicant is guilty of contempt, it is constructive contempt and not direct contempt, regardless of recitations in the offended judge's order of commitment to the contrary. *Ex parte Hill*, 122 Tex. 80, 52 S.W.2d 367 (Tex.Cr.App.1932); *Ex parte Supercinski*, 561 S.W.2d 482 (Tex.Cr.App.1977). It is well settled that due process considerations require that one who is accused of constructive contempt will be given "full and complete notification" of the charges against him so as to afford him a fair opportunity to defend against them. See *Ex parte Edgerly*, 441 S.W.2d 514 (Tex. Sup.1969).

■ Applicant contends inadequate notice of charges against him denied him due process of law. While we agree that the offended judge deprived applicant of due process by holding him in constructive contempt without adequate notice of a hearing,[1] *Hill*, supra; *Ex parte Avila*, 659 S.W.2d 443 (Tex.Cr.App.1983), the subsequent 1911a, 2(c) de novo hearing provided adequate constitutional due process safeguards, thereby curing the prior violation. See *Ex parte Avila*, supra. The notice to appear and show cause delivered to applicant a full five days prior to the de novo hearing was sufficiently specific to afford complete notice of allegations of contumacious conduct and to allow a fair opportunity to defend against them. See and cf. *Ex parte Martin*, 656 S.W.2d 443 (Tex.Cr.App. 1982). As such, this negated any harm caused by the failure of the offended judge to extend adequate notice and hearing.

1. The State, in its brief, readily concedes that the offended judge's holding applicant in constructive contempt without a hearing violates due process.

■ Applicant next challenges the sufficiency of the evidence. In the instant case, the record reflects Judge Charles Lindsey[2] heard testimony from the respondent's and applicant's witnesses which, taken collectively, could reasonably be said to have proven applicant guilty of the contemptuous acts alleged. When viewed in the light most favorable to the order, we find the evidence is sufficient to warrant Judge Lindsey's decision.

■ Applicant urges that the notice to appear and show cause and the judgment rendered thereon are at variance with the proof. Specifically, applicant contends that the proof establishes that the offended judge reset the trial of the case in which applicant failed to appear on two separate occasions. On the first occasion, trial was reset on August 22 from 10:00 a.m. to 2:00 p.m., apparently in contemplation that applicant might belatedly appear. At 2:00 p.m., when it was evident that the applicant would not appear, the cause was again reset until August 23 at 9:00 a.m. The notice to appear and judgment cite applicant in contempt for failing to appear at pretrial on August 12 and at trial on the merits on August 22. It is clear from the record that applicant did indeed fail to appear on either August 12 or August 22. Any proof of contempt occurring on August 23 is surplusage. There is no fatal variance between the allegations in the notice to appear and judgment and the proof offered.

■ Applicant complains his rights under the double jeopardy provisions of the United States and Texas Constitutions were violated. He testified that he was arrested upon voluntarily entering the 297th District Courtroom on August 26, was taken to the Tarrant County Sheriff's office, and was then granted his motion for release upon his personal recognizance. He further testified that he was ordered back to jail *after*[3] such motion was granted, and remained there for three to three and one-half hours. Applicant contends that, because he spent time in jail pursuant to the offended judge's Order he cannot be again placed in jeopardy of his liberty.

Assuming arguendo that the jeopardy provision of the Federal and State Constitutions apply to the instant case, the record reflects that applicant *orally* moved for dismissal of the proceeding on double jeopardy grounds. However, the record is devoid of a verified written motion filed before the hearing. See Articles 27.05 and 27.06, V.A.C.C.P. The question of double jeopardy is not properly before this Court.[4] *Galloway v. State*, 420 S.W.2d 721 (Tex.Cr. App.1967); *Nash v. State*, 467 S.W.2d 414 (Tex.Cr.App.1971).

■ Applicant finally urges that the judgment of contempt signed by Judge Lindsey is void because it imposes multiple punishments for distinct acts of contempt, whereas the original commitment order provided a single punishment for such multiple acts. This contention is without merit. V.A.C.S., Art. 1911a, specifically provides that a judge other than the offended judge shall hold a hearing to determine the guilt or innocence of the accused. The provision has been construed to mean such judge may also readjudicate punishment assessed by the offended judge. *Ex parte Howell*, 488 S.W.2d 123 (Tex.Cr.App.1972), appeal dismissed 414 U.S. 803, 94 S.Ct. 114, 38 L.Ed.2d 38, rehearing denied 414 U.S. 1052, 94 S.Ct. 558, 38 L.Ed.2d 341, rehearing denied 424 U.S. 936, 96 S.Ct. 1151, 47 L.Ed.2d 343. The hearing is to be conducted as if a trial de novo, *Avila*, supra, and is

---

**2.** Judge Lindsey was ordered to conduct a hearing pursuant to Art. 1911a, 2(c), supra, by Administrative Judge Charles Murray.

**3.** It should be noted, however, that the transcript, p. 5 reflects the following: "Hearing held on contempt of court in open court; commitment order signed and entered James M. Murphy released on personal recognizance 'bond' in open court." All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**4.** We further note that the applicant should not be heard to complain of a violation of his Fifth Amendment rights while simultaneously *requesting and receiving* a second trial pursuant to Art. 1911a, supra.

unencumbered by any prior proceedings or holdings. Additionally, punishment may be assessed for more than one act of contempt in a single hearing where the show cause order specifically alleges each act. *Ex parte Genecov*, 143 Tex. 476, 186 S.W.2d 225 (Tex.Cr.App.1945); *Ex parte McNemee*, 605 S.W.2d 353 (Tex.Civ.App.1980), overruled on other grounds.

The judgment is affirmed.

ODOM, J., not participating.

TEAGUE, Judge, dissenting.

I dissent.

The majority correctly states that Art. 1911a, V.A.C.S., "has been construed to mean [that the second judge] may also readjudicate punishment assessed by the offended judge." It cites *Ex parte Howell*, 488 S.W.2d 123 (Tex.Cr.App.1973), as authority. However, even though the statement is contained in *Ex parte Howell*, it is pure dictum because in *Ex parte Howell*, supra, the first punishment that was assessed was not readjudicated at the second hearing. Thus, the question whether the second judge might readjudicate the punishment the first judge had assessed was not before the Court.

Art. 1911a, supra, does not provide, either expressly or implicitly, for a readjudication of punishment. However, by the express terms of the statute, the second judge only readjudicates the "guilt or innocence" of the officer of the court who was held in contempt by the first judge.

In this instance, the first judge, after finding applicant guilty of two separate contempts, assessed only one punishment, namely, 72 hours' confinement in the county jail and a $500 fine. By the first judge's order, the punishment assessed did not specify whether the punishment applied to just one or both of the contempts. This does not matter because neither of the contempts has been held to be void. Cf. *Ex parte Werner*, 496 S.W.2d 121, 122–123 (Tex.Civ.App.—San Antonio 1973), no writ.

In this instance, the second judge readjudicated the finding that applicant was guilty of both contempts, and then assessed punishment on one contempt at a fine of $150 and on the other at one day confinement in the county jail and a $300 fine. This I find the second judge could not do.

By the provisions of Art. 1911a, supra, the second judge was restricted to readjudicating applicant's guilt and, if he found that applicant was guilty of both contempts, could only assess the same punishment the first judge had assessed. He was not permitted to reduce the punishment that the first judge had assessed, namely, 72 hours' confinement in the county jail and a $500 fine. The second judge's assessment of punishment is void. The cause should be remanded to the second judge for him to assess the same punishment that the first judge assessed. Because the majority does not do this, I respectfully dissent.