**Opinion issued August 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00401-CR

———————————

## IN THE MATTER OF DAVID CHRISTOPHER HESSE

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCR-061186**

---

## MEMORANDUM OPINION

Appellant, David Christopher Hesse, is an attorney who has been held in direct contempt and fined $500 by the trial court. After being held in contempt, Hesse requested a de novo hearing under Subsection 21.002(d) of the Government Code. *See* TEX. GOV'T CODE ANN. § 21.002(d) (West 2004). Before that hearing, Hesse filed an application for writ of habeas corpus, which the trial court denied. Hesse

appeals the trial court's denial of his pre-trial request for a writ of habeas corpus, contending that: (1) the trial court violated his constitutional rights to due process, due course of law, and equal protection; and (2) double jeopardy bars his judgment of contempt. We affirm.

## BACKGROUND

Hesse was appointed to represent the defendant in *State v. Brandon Jay Carter*, Cause No. 12-DCR-061186, in the 240th Judicial District Court of Harris County. The defendant pleaded not guilty to the offense of burglary of a habitation with the intent to commit sexual assault. The trial resulted in a hung jury, causing the trial court to declare a mistrial on February 26, 2015. On February 25, 2015, the trial court (the Honorable Lee Duggan, Jr., sitting by assignment) signed, but did not file, a judgment of contempt and commitment order (1) finding Hesse guilty of direct contempt, (2) assessing a $500 fine as punishment, and (3) ordering Hesse taken into custody at the conclusion of the trial, but authorizing Hesse to be released on personal recognizance as an officer of the court if he sought to appeal the contempt finding. The copy of the judgment included in the Second Supplemental Clerk's Record contains an undated handwritten note stating "ABANDON IN FAVOR OF 2/26/15 JUDGMENT," signed "Lee Duggan, Jr. JUDGE."

On February 26, 2015, after the jury had been discharged, Judge Duggan signed and filed an identical judgment of contempt and commitment order assessing

2

a $500 fine and ordering Hesse taken into custody. As with the initial judgment, the February 26, 2016 judgment asserted that Hesse (1) argued with the court's rulings, (2) interrupted the court as it spoke, (3) pursued questioning on certain matters after being instructed not to do so, and (4) was warned that he would be held in contempt if his conduct persisted.

Hesse requested a de novo hearing before a different court and asked to be released on his personal recognizance. The trial court authorized Hesse to make a personal appearance bond as an officer of the court and directed that he be escorted to the Fort Bend County Jail to process his personal recognizance bond. Hesse was then released on his personal recognizance.

On March 9, 2015, a Notice of Allegations of Contempt and Order Setting Show Cause Hearing for March 23, 2015 was filed and served on Hesse. The Honorable Michael T. Seiler, presiding judge of the 435th District Court, was assigned to hear the evidence on Hesse's guilt or innocence of contempt, and if guilty, to assess punishment. The notice contains allegations that Hesse (1) argued with the court's rulings, (2) interrupted the court as it spoke, (3) pursued questioning on certain matters after being instructed not to do so, and (4) was warned that he would be held in contempt if his conduct persisted. The notice further alleges that, despite the court's warnings, Hesse disrupted proceedings during his cross-examination of one of the State's witnesses by (1) arguing with the court's rulings,

(2) on multiple occasions, continuing with questioning even after the court sustained the State's objections and instructed counsel to move on to new material, and (3) interrupting the court as it spoke. The notice states that after the motion for mistrial was granted and the jury was discharged, "the Court entered a Judgment of Contempt and Commitment Order after finding [counsel] in contempt and authorized [counsel] to make a personal appearance bond as an officer of the Court."

Before the de novo hearing began, Hesse filed an "Application for Writ of Habeas Corpus and Motion to Quash Notice of Allegations of Contempt." In it, Hesse asserted that he was punished for the purpose of the prohibition against Double Jeopardy because he was deprived of his liberty when he was "taken into custody" on February 26, 2015 and because the trial court entered two identical contempt orders against him. Hesse requested that the trial court "declare the judgments of contempt void; quash the Notice of Allegations of Contempt; sustain Applicant's Double Jeopardy challenge and dismiss the instant proceeding," and "for general relief."

In its response to Hesse's habeas application, the State argued that (1) Hesse was lawfully held by a personal recognizance bond pending his hearing; (2) the statutory remedy for vacating a judgment of contempt is a de novo hearing; (3) only one judgment was contemplated by the trial court; (4) the court followed the procedures in *Ex parte Howell*, 488 S.W.2d 123, 126 (Tex. Crim. App. 1972), that

4

were adopted by the Legislature in enacting Subsection 21.002(d) of the Government Code; and (5) Hesse was not "in custody," but rather was detained and released after completing procedures for recording a personal recognizance bond.

Hesse's application for writ of habeas corpus was heard on April 15, 2015. The trial court denied the application.

## STANDARD OF REVIEW

An original habeas corpus proceeding is a collateral attack on a contempt judgment. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967); *In re Markowitz*, 25 S.W.3d 1, 2 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the guilt or innocence of the relator, but only to determine whether the relator has been restrained unlawfully. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). A writ of habeas corpus will issue if the trial court's contempt order is void, either because the order is beyond the trial court's power or because the relator has not been afforded due process. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005).

We presume that the contempt order is valid. *In re Turner*, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). In a habeas corpus proceeding challenging confinement for contempt, the relator bears the burden of rebutting that presumption and demonstrating entitlement to relief. *See In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009).

5

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

## ANALYSIS

Hesse contends that the trial court erred by violating his statutory, equal protection, due process, and due course of law rights by signing two separate but identical judgments of contempt (one during trial and one immediately after), each assessing a $500 fine and ordering him taken into custody. Hesse further contends that double jeopardy bars prosecution of his contempt because the trial court entered "two separate but identical judgments of contempt, each assessing a $500 fine and ordering the attorney taken into custody" before being released upon his personal recognizance.

Because Hesse's claims rest in part on his assertion that he was subjected to two identical contempt judgments, we first address the merit of this underlying assumption.

## I. Effect of Vacated Judgment

Hesse's due process, due course of law, and double jeopardy claims presume that the trial court entered two separate but identical judgments of contempt against Hesse, both punishing Hesse for the same acts of contempt. Hesse observes that (1) on February 25, 2015, Judge Duggan signed a judgment of contempt and commitment order, assessing a $500 fine and ordering Hesse taken into custody and (2) on February 26, 2015, Judge Duggan signed and filed an identical judgment of contempt and commitment order, again assessing a $500 fine and ordering Hesse taken into custody. Hesse asserts that "The trial court violated Hesse's statutory, Due Process, and Due Course of Law rights when the trial court did not follow the procedure mandated by *Ex parte Pink* and signed two identical judgments of contempt against Hesse—one during the trial and one immediately after." (citing *Ex parte Pink*, 645 S.W.2d 262, 263 (Tex. Crim. App. 1982)).

Hesse's assertion that he was subjected to punishment twice under two identical judgments is without merit. The record demonstrates that Hesse has been subjected to only one judgment. The February 25, 2015 judgment was never filed and was vacated in favor of the subsequent judgment signed on February 26, 2015 after the conclusion of the trial. Although Hesse assails the initial judgment of contempt as being contrary to *Pink* because it was rendered before the conclusion of the trial, the trial court remedied the error by vacating its initial judgment in favor of

7

a judgment entered after it declared a mistrial. The February 26, 2015 judgment is consistent with the reporter's record of the trial court's ruling; nor does the clerk's record anywhere indicate that Hesse was subjected to two identical judgments. Only one judgment—the February 26, 2015 judgment—is attached to Hesse's personal recognizance bond. Accordingly, Hesse's equal protection, due process, due course of law, and double jeopardy claims are without merit to the extent they are based upon an assumption that he was subjected to two contempt judgments for the same conduct.

## II. Equal Protection, Due Process, and Due Course of Law Claims

### A. Applicable Law

Hesse's habeas application was filed before the trial court conducted the de novo hearing that Hesse requested. Thus, his application sought a pretrial writ of habeas corpus. "[A] pretrial habeas, followed by an interlocutory appeal, is an 'extraordinary remedy,' and 'appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage.'" *Ex parte Ellis,* 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster,* 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). Appellate courts must be careful, on interlocutory review, not to entertain an application for writ of habeas corpus when there is an adequate remedy by direct, post-conviction appeal. *See Ex parte*

*Weise,* 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) ("Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal."); *see also Ex parte Smith,* 178 S.W.3d 797, 801 n.13 (Tex. Crim. App. 2005) ("[A] writ of habeas corpus cannot be used as a substitute for an appeal or to serve the office of an appeal."); *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998) ("[h]abeas corpus is an extraordinary remedy; and, ordinarily, neither a trial court nor this Court, either in the exercise of our original or appellate jurisdiction, should entertain an application for writ of habeas corpus where there is an adequate remedy at law.") (quoting *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978)). Consequently, "whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ex parte Ellis,* 309 S.W.3d at 79. "If a non-cognizable claim is resolved on the merits in a pretrial habeas appeal, then the pretrial writ has been misused, and the State can appropriately petition [the Court of Criminal Appeals] to correct such misuse." *Id.*

A defendant may only use a pretrial writ of habeas corpus in limited circumstances. *See Smith*, 178 S.W.3d at 801. "[A]n applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy, *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. [Panel Op.] 1982), and bail, *Ex parte Keller*, 595 S.W.2d 531, 532–33 (Tex. Crim. App. [Panel Op.] 1980)." *Ex*

9

*parte Weise,* 55 S.W.3d at 619 (footnote citations inserted in text). Pretrial writs may also be used to challenge indictments where "the alleged defect would bring into question the trial court's power to proceed." *Ex parte Weise*, 55 S.W.3d at 619. Thus, pretrial writs may be used to assert that (1) the statute under which the applicant is prosecuted is unconstitutional on its face, *id.* at 620, and (2) the face of an information or indictment "shows that the offense charged is barred by limitations . . . ." *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001). In such cases, "the applicant is challenging the trial court's power to proceed." *Ex parte Weiss*, 55 S.W.3d at 620.

Conversely, the Court of Criminal Appeals has held that "an applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial, challenge a denial of a pretrial motion to suppress, or make a collateral estoppel claim that does not allege a double jeopardy violation." *Id.* (internal citations omitted). These issues are better addressed by a post-conviction appeal. *Id.* "Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Id.*

Because the trial court immediately ordered a de novo hearing on Hesse's contempt of court, we hold that Hesse has failed to demonstrate that his due process, due course of law, and equal protection claims fall within the limited circumstances

10

under which a pretrial writ of habeas corpus is allowed. Furthermore, to the extent that such claims are reviewable, we find no error in the trial court's order denying habeas relief based on equal protection, due process, or due course of law claims.

## B. Equal Protection Claims

In this appeal, Hesse asserts that he is entitled to habeas relief because his right to equal protection under the law was violated. But Hesse did not present or argue such a violation in his application for writ of habeas corpus. Nor did Hesse allege an equal protection violation at the hearing on his application. On appeal, Hesse provides no argument or authority to support his claims of an equal protection violation other than:

> [I]n 1971, the Supreme Court held that it violated a person's Equal Protection Rights when he was forced to lay over or work off his Class C misdemeanor fines when he was unable to pay those fines. *Tate v. Short*, 401 U.S. 395 (1971). And the Supreme Court was clear that a person who is fined may not be imprisoned until he has been afforded an opportunity to pay the fine and refused to do so. *Id.* But Hesse was not afforded the opportunity to pay the fine(s) before he was taken into custody.

(footnote citations inserted in text). Hesse cites to *Tate v. Short* generally but does not explain its relevance to his case. 401 U.S. 395 (1971). In *Tate*, the Supreme Court held that imprisoning defendants who are unable to pay fines violates their equal protection rights because it discriminates on the basis of economic status. *See id.* at 397–99. Hesse, however, challenges the trial court's requirement that he file a personal recognizance bond or pay the fine. He does not assert that the trial court

11

discriminated against him based on his economic status. When an appellant's brief fails to adequately argue or cite authority in support of an alleged point of error, any error is waived. *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008). Because Hesse did not raise his equal protection challenge in the trial court and does not provide relevant authority for the claim on appeal, we hold that he has not preserved it for our review.

## C. Due Process and Due Course of Law Claims

Hesse requested a de novo hearing in accordance with subsection 21.002(d) of the Government Code regarding his being held in contempt. TEX. GOV'T CODE ANN. § 21.002(d). Because a de novo hearing was ordered at Hesse's request, Hesse's due process and due course of law challenges to the contempt judgment are not cognizable in this appeal from his application for pretrial writ of habeas corpus. *See Ex parte Murphy*, 669 S.W.2d 320, 321 (Tex. Crim. App. 1983) (holding that subsequent de novo hearing under predecessor to subsection 21.002(d) "provided adequate constitutional due process safeguards, thereby curing the prior violation.") (citing *Ex parte Avila*, 659 S.W.2d 443 (Tex. Crim. App. 1983)). Hesse's remedy at law for review of the judgment of contempt is a de novo determination of his guilt by a different judge, as provided in subsection 21.002(d) of the Government Code. *See In re Garza*, No. 04–04–00140–CV, 2004 WL 839671, at *1 (Tex. App.—San

Antonio April 21, 2014, orig. proceeding) (mem. op., not designated for publication) (denying petition for writ of habeas corpus and motion for emergency relief challenging contempt judgment because subsection 21.002(d) provides adequate remedy at law).

Hesse also argues that his due process rights were violated because he was detained instead of being immediately released, as he claims the statute provides for officers of the court. Section 21.002 of the Government Code provides: "An officer of a court who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence." TEX. GOV'T CODE ANN. § 21.002(d). Hesse suggests that because the statute does not require any form of bond, "his Bar Card and his promise to appear when ordered to do so" were sufficient to comply with the statute.

But Hesse concedes that the trial court ordered that he be released on his personal recognizance. A personal bond releases a person on his or her own recognizance, without the requirement of sureties or other security, but solely on his or her promise to show up at a later court date. *See* TEX. CODE CRIM. PROC. ANN. arts. 17.03 & 17.04 (West 2015). Although Hesse contends that the bond required that he pay the $500 fine because it notes that it is the amount ordered by the trial court, there is no evidence that Hesse was made to pay any amount in a fee or as bail

before he was released. Thus, we reject Hesse's contention that he was required to pay a fine or provide bail under threat of imprisonment. Accordingly, the trial court did not abuse its discretion in denying Hesse's request for pretrial habeas relief on this basis.

## III. Double Jeopardy Claims

In his third and fourth issues, Hesse asserts double jeopardy violations, arguing that "because he was incarcerated before being released on his personal recognizance," he cannot be subjected to de novo trial pursuant to the Section 22 of the Government Code. But it was Hesse who requested the de novo hearing. The double jeopardy clause protects a person from governmental oppression, not his own requests. "[T]o require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect." *United States v. Scott*, 437 U.S. 82, 91 (1978). Here, Hesse requested a de novo hearing in accordance with Subsection 21.002(d) of the Government Code; he cannot claim on appeal that the hearing that he invoked violates double jeopardy. *See, e.g., Ex parte Murphy*, 669 S.W.2d at 322 n.4 (holding that habeas applicant "should not be heard to complain of a violation of his Fifth Amendment rights while simultaneously *requesting and receiving* a second trial pursuant to [the predecessor to subsection 21.002(d)].") (emphasis in original).

Hesse further contends that he was punished by being held "in custody" during the time the Sheriff's office processed his personal bond, but he provides no support or argument for this contention. At the hearing on his habeas application, Hesse argued that he was in custody because "Bailiff took him. Walked him out the backdoor all the way to the jail. He was booked in, fingerprinted, photographed, and then was allowed to post a $500-personal bond, which shows as a felony contempt." But the hearing record instead reflects that Hesse was detained solely for the administrative purpose of processing his personal bond and was then released without payment:

> MR. HESSE: Attorney Chris Hesse request to be released on personal recognizance as pursuant to the government code. Attorney Chris Hesse requests that the question of his contempt be transferred to another district court to determination [sic] if indeed he is in contempt.
>
> THE COURT: The second District Administrative Judge will take care of the later matter. You are authorized to be released on your personal bond as an officer of the Court after you have checked in with the sheriff. We will stand in recess.
>
> MR. HESSE: I would like to be released on personal recognizances now and taking me into custody is improper according to the government code.
>
> THE COURT: Well, I think they need to have some record as to where you are and where we go from here. I'll ask you to accompany the bailiffs over there but the order itself and my instruction to each of you is to relay personnel there that you are to be released on personal bond.

Because Hesse did not meet his burden of proving that he was incarcerated rather than released on a personal bond and he was not subjected to two judgments for the

same conduct, we hold that the trial court was within its discretion to deny Hesse's pretrial request for habeas relief based on a double jeopardy challenge.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Hesse's application for writ of habeas corpus.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).